## SODERMAN *v.* BELL.

### Opinion delivered January 15, 1912.

1. REFORMATION OF INSTRUMENTS—JURISDICTION.—The reformation of deeds and other instruments of writing upon allegations of fraud or mistake is a matter for the exclusive exercise of equity jurisdiction. (Page 87.)

2. SAME—RIGHT TO REFORMATION.—Where, in an action for unlawful detainer, it was virtually undisputed that the deed under which the plaintiff claimed did not correctly describe the land which defendant had sold him, and the cause was transferred to equity in order that the deed might be reformed, it was error to refuse to decree its reformation. (Page 87.)

3. SALES OF LAND—REMEDY OF PURCHASER.—Where a vendor of land which was in the possession of third persons under a lease for a year brought suit against the latter and recovered judgment for possession and damages for its detention, and accepted payment thereof and agreed to the further continuance of possession by them during their lease, the relief granted to such vendor inured to the benefit of her vendee, and she is bound to him for the damages and other moneys recovered for rent of the land. (Page 87.)

Appeal from Clark Chancery Court; *James D. Shaver*, Chancellor; reversed.

### STATEMENT BY THE COURT.

John Soderman instituted against Alice Bell and others a suit in unlawful detainer for the unlawful detention of the possession of certain lands in Clark County.

It was alleged that on January 19, 1910, he purchased of Alice Bell certain lands, describing them as they were described in his deed, for a consideration of $1,250, and that on that day she executed and delivered to him a warranty deed therefor, under which she was bound to deliver to him possession of the lands and defend the title thereto against all claims. That she failed to deliver possession of the premises, claiming that Stroud and others unlawfully held over as tenants under a former lease, and agreeing to do so immediately upon dispossessing them. That she filed a suit for that purpose and obtained a judgment against them in September, 1910, for the possession and damages for the unlawful detention, and unlawfully and without right and in collusion with the said Strouds accepted payment of said judgment for damages, and a certain further sum of money, agreeing in consideration therefor to allow said Strouds to continue in possession of the lands until the crop was gathered and removed and to not execute the judgment for possession.

A copy of the deed was filed as an exhibit to the complaint. She moved to make the complaint more specific as to the warranty clause, and also by a correct description of the lands that she might know definitely to what lands he claimed the right to possession.

Stroud and others answered, denying any collusion with Alice Bell for unlawfully holding possession, admitted having held possession in 1910, but alleged that it was with the consent

of the said Alice Bell, admitted the recovery of a judgment by her against them on September 7 for possession and damages and a payment to her of said judgment and a further sum of money for the retention of the premises until their crops could be removed. Also made further allegations by way of cross complaint against Alice Bell.

The court granted the motion to make the complaint more specific, and, in compliance with it, an amendment was filed, setting out the warranty in the deed in the language thereof and also a correct description of the land. Alice Bell answered, denying the sale of the land; that she was bound by the deed to deliver immediate possession thereof as alleged; denied withholding possession and collusion with her codefendants, or any of them; alleged that she was seized of an indefeasible estate in fee simple in the lands, and had good title to convey all that were properly described in the deed at the time it was made; that she was without possession of the lands at the time, same being unlawfully held by her former tenants, and that she did all in her power to dispossess them and put the plaintiff in possession; admitted the recovery of judgment for the possession and damages from her codefendants and her refusal to execute the judgment for possession and her agreement to allow her said codefendants to remain in possession of said premises until their crops were gathered and removed, in consideration of the payment of the judgment for damages and the further sum of money as alleged.

Plaintiff then filed a motion to transfer the cause to equity, setting out the terms of the sale and that the deed did not contain a correct description of the land, which should have been described as alleged in the motion and in the amendment to the complaint, that his deed might be reformed and his deed corrected. The cause was transferred over appellee's objections only.

The testimony shows that the plaintiff purchased the lands from Alice Bell, paying therefor the sum of $1,250; that they were incorrectly described in the deed by mistake, the true description being as set out in the amendment to the complaint and the motion to transfer to equity. That she did not put plaintiff into possession of the lands because her codefendants refused to vacate them, claiming a right under a verbal lease

to the possession during 1910; that she assured him she would do all in her power to deliver possession thereof to him and immediately filed a suit in unlawful detainer against her said codefendants. That thereafter she obtained judgment against them for the possession of the lands, in September, 1910, and damages for the detention, and, instead of executing the judgment for possession against Stroud and the other codefendants herein, and delivering possession of the premises to plaintiff, as he expected her to do, she accepted payment of the judgment for damages, and in consideration therefor, and a further sum of money, agreed not to oust them, and that her said codefendants should continue in possession until the crops were gathered, or until January following.

Upon plaintiff's suit being filed, a writ of possession was issued and the premises delivered to him in October, 1910. The chancellor found that possession of the premises had been delivered to plaintiff under his writ, and that the Strouds and Wilson, codefendants of Alice Bell herein, were in possession of the lands sued for, and that the relation of landlord and tenant did not exist between them and the plaintiff. That Alice Bell was not in possession of the land, and that the relation of landlord and tenant did not exist between the plaintiff and her, and dismissed the complaint for want of equity. From this judgment plaintiff appealed.

*McMillan & McMillan,* for appellant.

Unlawful detainer will lie at the suit of a purchaser of land, which at the time of the purchase was in the possession of a tenant under a lease from the vendor. 41 Ark. 540; 18 Ark. 284; 18 Ark. 304; 27 Ark. 460. A court of equity alone had jurisdiction to reform the deed and correct the misdescription in the land. 33 Ark. 119; 48 Ark. 498; 49 Ark. 397; 51 Ark. 390; 37 Ark. 626. The chancery court, having secured jurisdiction of the controversy, should have settled the whole matter. 77 Ark. 576; 75 Ark. 52; 48; 312; 544; 33 Ark. 328; 37 Ark. 286. The original complaint was good. Kirby's Digest, § 6091; 66 Ark. 145; 53 Ark. 449.

*John H. Crawford,* for appellee.

Mrs. Bell's covenant did not extend to "quiet enjoyment;" it only warranted and agreed to defend the title. 131 U. S.

75; 7 Sm. & M. 422; 45 Am. Dec. 314; 6 Wash. 247; 7 John. 258. There can be no recovery against her until it is alleged and proved that her title has failed. 65 Ark. 495. Unlawful detainer can be maintained only where the relationship of landlord and tenant exists. 44 Ark. 444; 41 Ark. 535. It can not be converted into an action in ejectment. 84 Ark. 220. An order of court is not enough to create the relationship of landlord and tenant. 93 Ark. 216. The statute must be strictly construed. 93 Ark. 307.

KIRBY, J., (after stating the facts). The reformation of deeds and other instruments of writing upon allegations of fraud or mistake is a matter for the exclusive exercise of equity jurisdiction, and the court committed no error in transferring the cause to equity.

The testimony was virtually undisputed that the land sold to appellant by appellee was, by mistake, not correctly described in the deed to him and also disclosed a correct description of the land intended to be conveyed as set out in the amendment to the complaint, and the motion to transfer the cause and the court erred in not reforming the deed accordingly.

Appellee, Alice Bell, recognized appellant's right to the possession of the lands conveyed to him, and immediately brought suit against her codefendants, the other appellees, who are not affected by this appeal, for such possession, that she might deliver it to him. He relied upon her doing so, and refrained from proceeding until after she recovered judgment for the possession of the lands and damages for the detention and accepted payment thereof and agreed to the further continuance of possession by said codefendants, and refused to execute the judgment for possession for his benefit.

The relief granted to her should have inured to his benefit, and she was bound to him for the payment of the damages recovered and other moneys, for rent of the lands, received from her said codefendants for unlawfully holding over and depriving her grantee of the possession of the premises.

The decree is reversed and the case is remanded with directions to reform the deed in accordance with the opinion and to ascertain, by permitting the introduction of additional testimony if necessary for that purpose, the amount of damages recovered by appellee against said codefendants for the deten-

tion of the possession of these lands, as well as any money paid her by them for a further holding until possession was delivered to appellant under his writ of possession, and render judgment therefor for appellant against appellee, Alice Bell.

It is so ordered.