MOTT *v.* FIRST NATIONAL BANK.

Opinion delivered May 10, 1926.

TRIAL—TRANSFER OF ACTION FROM LAW TO EQUITY.—In an action at law upon a note an answer by one of the makers alleging that she signed the note through mistake and that she had no intention of being bound, if sufficient to constitute a defense, did not state a defense exclusively cognizable in equity, and a motion to transfer the action to equity was properly denied.

Appeal from Cross Circuit Court; *G. E. Keck,* Judge; affirmed.

*Killough, Killough & Killough* and *G. W. Barham,* for appellant.

*Ogan & Shaver,* for appellee.

McCULLOCH, C. J.  Appellee instituted this action against appellant and against John M. Graham as joint makers of a promissory note.  Graham defaulted, and judgment was rendered against him.  Appellant filed an answer denying that she signed the note set forth in the complaint, and stating further that, "if she did in fact sign said note, it was signed through mistake on her part," and that she "had no intention of being bound." Appellant then moved to transfer the cause to equity on the ground that the answer presented an equitable defense.  The court overruled the motion to transfer, and the cause proceeded to trial before a jury, resulting in a verdict and judgment in favor of appellee.

It is conceded that there was no error in the trial of the cause, and the sole ground urged here for reversal is that the court erred in refusing to transfer the cause to the chancery court.

Our statute provides that an action properly commenced by proceedings at law shall be transferred to equity on motion by either party for the trial of "any issue which heretofore was exclusively cognizable in chancery," and that "if all the issues are such as heretofore were cognizable in chancery, though none were exclusively so, the defendant shall have the right to have them all tried as in cases of proceedings in equity."

Crawford & Moses' Digest, § 1045. In the case of *Horsley* v. *Hilburn,* 44 Ark. 458, this court, in construing the statute, held that the transfer of a case to equity is not imperative except when the answer presents some defense exclusively cognizable in equity, or when all of the issues are cognizable in equity but not exclusively so. If it be conceded that the statement in the answer with reference to the mistake in the execution of the note and the absence of an intention to become bound was sufficient to constitute a defense at all, it was one which was available in an action at law, and was entirely adequate. It was not a defense which was exclusively cognizable in equity, for it could be made at law as well as in equity.

Counsel for appellant insist that the cancellation of the note was involved, and that this made it an equitable defense exclusively, but we cannot agree with counsel in this contention. The note was the basis of the action at law, and was, of course, exhibited with the complaint and introduced in evidence. It became a part of the record in this case, and a judgment for the defendant on the issues presented constituted a bar to any future action on the note, and was tantamount to its cancellation.

The court was correct therefore in refusing to transfer the cause, and the judgment is affirmed.