JOHNSON *v.* WERT.

5-676                                      279 S. W. 2d 274

Opinion delivered May 23, 1955.

*Johnston & Rowell,* for appellant.

*Gordon & Gordon,* for appellee.

MINOR W. MILLWEE, Justice. Appellant instituted this action against appellees, directors of East Side School District No. 5 of Conway County, to recover dam-

ages for the breach of an alleged contract of employment as superintendent of schools of said district. This appeal is from the action of the trial court in directing a verdict in favor of appellees at the conclusion of the testimony on behalf of the appellant.

According to the evidence appellant had been employed as superintendent by the district under written contract which was to expire June 30, 1953. At a regular meeting of the five-member board of directors on Friday night, February 27, 1953, a motion was made to re-hire appellant as superintendent for a period of two years. After discussion for two hours the motion carried by a vote of three to one with Directors Lee Wert, Carl Odom and Samuel Criswell voting in the affirmative and E. L. Brewer voting in the negative. Rupert Hemphill, president of the board, did not vote. Appellant was not present during the discussion and nothing was said about salary or other contract provisions except there was some objection about appellant's failure to visit the Ward schools and talk of placing a clause in the contract to make him "do right." After the vote was taken appellant was notified and he thanked the board for their action on the motion.

On Saturday night, February 28, Director Criswell went to appellant and asked him to resign. He told appellant that the patrons of the district were "on him" about his vote the night before and that he could not stay with appellant. On Sunday, March 1, Criswell together with his father and another patron again talked to appellant and asked him to resign but appellant declined. On Monday, March 2, appellant went by the office of the County School Supervisor and had a secretary in the office prepare a contract on a regular form prescribed by the State Board of Education and which contained blank spaces for the signature of appellant and the president and secretary of the board of directors. The proposed contract provided a salary of $325 per month for the new two-year term and other provisions similar to the former contract except that the following clause in the old contract was omitted: "Other Conditions: It is

understood if the work is not satisfactory, this contract may be cancelled on 30 days notice by the board." Appellant signed the proposed contract and took it to the home of Carl Odom, secretary of the board, about 7 p. m. and obtained Odom's signature. He did not advise Odom of Criswell's request that he resign and he knew that Brewer and Hemphill were opposed to his reëmployment as superintendent.

On March 3, 1953, Hemphill, Brewer and Criswell signed and mailed notices to the other two directors of a call meeting of the board to be held March 6 to reconsider the election of the superintendent. At said meeting attended by all members and appellant the minutes of the previous meeting were read and disapproved as to the rehiring of appellant. On motion by Criswell, duly seconded, to rescind the board's action of February 27, Criswell and Brewer voted in favor of the motion and Wert and Odom against it. President Hemphill then broke the tie by voting for the motion. Prior to taking the vote there was considerable discussion by interested patrons and board members. When Criswell was questioned about his change of position he stated that this had been explained to appellant, that, politics was involved in the schools as in other matters, and that there was nothing either he or the appellant could do about it. There was also some discussion concerning the objection by certain patrons to the nature of certain teachings in a course taught by appellant on health or sex.

President Hemphill refused to sign the contract and appellant never presented it to him until several weeks after the board meeting on March 6. Pursuant to action taken at a regular board meeting on March 28, the president and secretary mailed to appellant a notice of the action taken on March 6, and that his services would not be needed after June 30, 1953. Appellant presented the contract to the board on April 27, 1953, when its execution was again declined. Hemphill, Criswell and Brewer were reëlected directors in the school election on March 15, 1953, and Wert was defeated. Odom resigned and did not seek reëlection.

In sustaining appellees' motion for a directed verdict on the ground that the testimony offered by appellant was insufficient to establish a valid contract of employment between the parties, the trial court said:

"The evidence in this case shows that at a meeting had on February 27, 1953, the Board at that time by a majority vote announced to the plaintiff, Johnson, that it had reëlected him for the position as superintendent of East Side School District No. 5 for a period of two years. His school year for which he had already been elected would have expired at the end of June 1953. Under the law in effect in this state, it is required that all contracts of employment of teachers be in writing. So, the court would hold that the action of the Board on February 27, 1953, in which by a majority vote they stated to Johnson they would employ him for a period of two years, did not of itself constitute a valid contract, in that subsequent to that time there must have been entered between the parties by mutual consent and understanding a written contract of employment, because the law requires that it be done."

The court further found that the action of the board on February 27, 1953, was only tentative and ineffective to bind it in the absence of proper' authority in Odom to do so alone; and that on March 6, 1953, the board rescinded its original action prior to the execution of a binding contract in conformity with the law.

Appellant contends that under the testimony a jury question was made as to whether a valid written contract of employment was fully executed by the board's action on February 27, 1953; that such action amounted to a substantial compliance with the statutory requirement of a written contract; and that the validity of the agreement entered into on February 27 was unaffected by the subsequent refusal of the president or a majority of the board members to sign or approve such agreement. We cannot agree with these contentions. Most of the cases cited by appellant involve the elements of ratification or estoppel where a contract, invalid in its inception, is

subsequently ratified by the district accepting the benefits of the teacher's services. These elements are not present here. In other cases cited either a majority of the board or its president and secretary joined in the actual execution of the written contract.

The discretion of school boards in respect to the making of employment contracts with teachers is very broad. Ordinarily the board has the absolute right to decline to employ or reëmploy any applicant for any reason whatever or for no reason at all. 47 Am. Jur., Schools, § 114. Under Ark. Stats., § 80-509(d), the board of directors is empowered to make written contracts with teachers and other employees, "in the form prescribed by the State Board of Education." Section 80-1304(b) provides that every teacher in the state, "shall be employed by written contract." Section 80-1306(a) provides that if the board does not make contracts in accordance with this and other statutory requirements, the County Superintendent shall notify the County Treasurer of the invalidity of such contracts and the latter shall refuse payment of any warrants issued thereon. In *Bald Knob Special School Dist.* v. *McDonald,* 171 Ark. 72, 283 S. W. 22, we held the requirement of a similar statute that employment be by written contract to be mandatory and not merely directory as appellant contends. This holding conforms to the general rule that compliance with the formal requisites prescribed by statute is essential to the validity of a teacher's or superintendent's contract except insofar as the statutory requirements are directory only. 78 C. J. S., Schools and School Districts, § 189.

It is also well settled that in order to be entitled to recover compensation, a teacher must have been appointed or elected to the position for which it is sought, and have a valid contract for his services. 78 C. J. S., Schools and School Districts, § 218c. The second requirement of a valid contract was never consummated in the case at bar. The election of appellant for a new two-year term on February 27, 1953, was merely preliminary to the further requirement that a valid written contract in

the form prescribed by the State Board of Education be executed. Under the undisputed evidence this second and final step essential to support a recovery of compensation was never met, and the trial court correctly directed a verdict in favor of appellees.

The judgment is affirmed.

Chief Justice SEAMSTER not participating.