WASHINGTON STANDARD LIFE INSURANCE CO. *v.* AGEE.

5-2046                                          331 S. W. 2d 261

Opinion delivered February 1, 1960.

*Pope, Pratt & Shamburger,* by *Richard L. Pratt,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

George Rose Smith, J. The principal question is whether the circuit court erred in denying the motion of the appellant, the defendant below, to transfer this case to the chancery court.

In 1958 the appellant issued to the appellee a "Nine-payment Twenty-Five Year Endowment Policy" by which the life of the appellee's infant daughter was insured for $5,000. The child died a month later, at the age of less than three months, and this action at law was brought by the appellee to recover the face amount of the policy.

By its combined answer and motion to transfer the defendant admitted the issuance of the policy, the death of the insured, and the plaintiff's identity as the beneficiary. As its defense the insurer asserted that by mutual mistake the contract failed to provide that the face amount of the policy would be only $1,250 during the first year. The defendant admitted its liability in that amount and asked that the case be transferred to equity for a reformation of the contract. The plaintiff filed a response to the motion to transfer, denying that the mistake, if one occurred, was common to both parties.

The insurance contract contains at least an ambiguity, if not some indication of the asserted mistake. The face amount of the policy is plainly declared to be $5,-000, but farther on, beneath a statement that premiums are payable for nine years, there is this typewritten insertion: "($1,250.00 First year)." Inasmuch as the first annual premium was only $442.50, instead of $1,-250.00, the appellant insists that the typewritten notation was put in the wrong place and should have been inserted as a limitation upon the face amount of the policy.

At the hearing upon the motion to transfer to equity the defendant contended that the circuit court should grant the motion upon the pleadings alone, without taking proof. Having thus preserved its objection to the evidence the defendant stipulated with the plain-

tiff what the testimony, if competent, would have been. The circuit court considered the stipulated evidence to be admissible and upon that basis denied the motion to transfer. The defendant in effect refused to proceed further, and the court awarded the plaintiff a judgment for $5,000, together with the statutory penalty and attorney's fee.

The stipulated testimony is, very briefly, to this effect: Both the plaintiff and the insurance salesman with whom he dealt would testify that in their negotiations the matter of reducing the amount of protection during the first year was not mentioned. It is evident that neither of them understood that such a provision would be in the policy. When the contract was delivered the plaintiff inquired about the typewritten notation, and the salesman said it meant that Mr. Agee would receive $1,250 at the end of the first year after the nine-year premium paying period. Officers of the insurance company would testify that most life insurers reduce the coverage to one fourth of the face amount during the first year of a child's life, that the defendant intended to insert such a limitation in this policy, and that the premium was actuarially computed on that basis.

Counsel for the appellee suggest (and the circuit court apparently believed) that had the stipulated facts been presented to a court of equity a reformation of the contract would not have been justified; consequently the motion for a transfer was properly denied. This reasoning rests upon a mistaken conception of the circuit court's function in a case of this kind. If the motion alleges facts which, if proved, entitle the movant to relief obtainable only in chancery, it is not the province of the circuit court to explore the equitable issue in its entirety with a view to transferring the case only if a preponderance of the evidence establishes the right to an equitable remedy. Such a holding would mean that many equitable issues would actually be heard in a court of law, that a transfer could be won only if the applicant was fairly certain to eventually obtain

equitable relief, and that even in the event of a transfer the equitable issue would be tried in both courts, needlessly.

The power to reform a contract lies exclusively in the chancery court. *Soderman* v. *Bell,* 102 Ark. 83, 143 S. W. 595. Here the appellant's assertion of equitable jurisdiction is not frivolous or fraudulent. In that situation our statement in *Merchants Bank of Vandervoort* v. *Affholter,* 140 Ark. 480, 215 S. W. 648, would be apropos: "The test of jurisdiction must be found in the allegations of the complaint [motion to transfer], but if those allegations are made merely for the purpose of giving jurisdiction in fraud of the rights of the parties, it may be reached by a special plea setting up the fraud." Nor is the case at bar like *Haggart* v. *Ranney,* 73 Ark. 344, 84 S. W. 703, where the jurisdiction of equity hinged upon the single, narrow, essential question of fact, disputed in the pleadings, of whether the plaintiff was in possession of the property. Here the right to reformation is a mixed question of law and fact, to be fully developed and finally decided only in a court of equity.

The appellee does not, as we read his brief, seriously contend that the circuit court's procedure was theoretically sound. Instead, the argument for an affirmance is largely a practical one, that it would be useless to remand the case merely to enable the chancellor to reach the same result that was attained in the law court. The merits of the case, as far as they can be determined from the stipulation alone, are fully argued in the briefs, and it is true that a mutual mistake has not been established by the quantum of proof necessary for a reformation. *McGuigan* v. *Gaines,* 71 Ark. 614, 77 S. W. 52; *Cherry* v. *Brizzolara,* 89 Ark. 309, 116 S. W. 668, 21 L. R. A. N. S. 508. But there are two sufficient answers to the appellee's contention. First, to sustain the circuit court merely because its decision is not against the weight of the evidence would establish a precedent approving the very thing the law seeks to prevent —

the trial of equitable issues in a court of law. Secondly, the stipulation of fact is not a complete development of the issue, for it recites that it is entered into solely for the hearing upon the motion and for no other purpose. There is thus the possibility that the appellant may adduce additional evidence when the case is heard on its merits in the chancery court.

Reversed and remanded with instructions that the cause be transferred to equity.

McFADDIN, WARD, and JOHNSON, JJ., dissent.

PAUL WARD, Associate Justice, dissenting. Set out hereafter are my reasons for dissenting to the majority opinion.

Very briefly stated, the issue here presented arose in the following manner. Appellee filed suit in the Circuit Court to recover $5,000.00, the face amount of the policy issued to him by the Washington Standard Life Insurance Company. Appellant, the insurance company, filed a motion to transfer to a court of equity, the essential portion of which reads as follows: "Said contract of insurance on its face does not clearly reflect the true agreement of the parties because of said scrivener's error which is a *mutual mistake between the parties*". (Emphasis supplied). Appellant thereupon prayed that the cause should be transferred to a court of equity for a reformation of the insurance policy. To the above motion appellee filed a response in which it was stated in effect that if any mistake was made it was not a *mutual mistake* between the parties.

This court has held, and I take it the majority admit, that the mere allegation of a legal conclusion is non-effective. (See *Mott* v. *First National Bank,* 171 Ark. 7, 283 S. W. 3). Consequently, it must be conceded that the trial court was under no duty to transfer this cause of action to the Chancery Court merely on the allegation of the insurance company that a *mutual mistake* had been made.

It must follow, therefore, that the only way the insurance company could hope to have the case transferred was

by introducing testimony showing that grounds for reformation existed, that is, that a *mutual* mistake was made. This fact was evidently recognized by the court and both parties because the parties entered into a Stipulation of Facts.

It is conceded by the majority, however, that the Stipulation reveals no *mutual* mistake was made. The last page of the majority opinion contains this statement: ". . . it is true that a mutual mistake has not been established by the quantum of proof necessary for a reformation".

The available authorities seem to support the view I take. In the case of *Haggart* v. *Ranney*, 73 Ark. 344, 84 S. W. 703, the plaintiff filed a suit in Chancery Court alleging that they were the owners and in possession of said lands. Appellees filed a motion to transfer the cause to the law court alleging that *they* were in possession of the land. The Court, as in the case under consideration, took proof on the motion and made its finding thereon to the effect that plaintiffs were not in possession of the land and proceeded to transfer the cause to the Circuit Court. We can certainly take it for granted that if the trial court had found otherwise it would have ruled otherwise. It seems that the cited case is exactly in point with the case under consideration except that in the former the motion was made in the Chancery Court and in the latter it was made in the Circuit Court. I have never understood that the Chancery Court has wider jurisdiction to pass on motions than the Circuit Court has. On the propriety of taking proof on a motion to transfer it was said in the cited case that ". . . it was necessary for proof to be taken and presented to the Court upon that issue".

A similar situation arose and a like result was reached in the case of *Wade* v. *Goza*, 78 Ark. 7, 96 S. W. 388. There appellee made a motion in the Chancery Court to transfer to the law court on the ground that the appellant was not in possession of the land. Again proof was taken on the issue showing the allegation to be true and this Court approved the Chancery Court's action in transferring it to the Circuit Court.

Any other view than the one I have tried to express would seem to lead to some ridiculous situations. As pointed out this Court has repeatedly said that it was proper to take testimony on a motion to transfer. It would be an idle and useless thing for the Court to take testimony and then not be bound to act upon what the testimony showed. It seems unreasonable for this Court to hold that a Chancery Court can hear testimony and decide whether to retain jurisdiction or transfer it to the Circuit Court while at the same time holding that the Circuit Court can hear testimony but has no choice but to grant a transfer. Such a process of reasoning seems to point to this anomalous situation: The Trial Judge was right in refusing to transfer solely on the allegations made in the Motion. He was right in hearing the testimony on the Motion. The testimony did not sustain the Motion, but he was powerless to deny the Motion.

I have read the holding in the *Merchants Bank of Vandervoort* v. *Affholter,* 140 Ark. 480, 215 S. W. 648, relied on by the majority, but I find nothing to support the conclusion reached. In that case appellee brought suit in the Circuit Court to recover a bond alleged to be of the value of $100.00. It is obvious, of course, that the Circuit Court would not have jurisdiction if the bond was not valued at $100.00. Appellant offered a demurrer but no proof was offered to show that the bond was worth less than $100.00. The trial court and this Court held that under the allegation of the complaint the Circuit Court had jurisdiction. Any relevancy of the cited case to the question under consideration entirely escapes me.

Judges McFADDIN and JOHNSON join in this dissent.