## HAMPTON SCHOOL DISTRICT NO. 1 OF CALHOUN COUNTY v. HODGE PHILLIPS

5-5644                                    470 S.W. 2d 934

Opinion delivered October 4, 1971

*Brown, Compton, Prewett & Dickens,* for appellant.

*Shackleford & Shackleford,* for appellee.

GEORGE ROSE SMITH, Justice. The plaintiff-appellee, Hodge Phillips, was formerly employed as superintendent of the appellant school district. The district discharged Phillips as of June 30, 1970. Contending that the discharge was in violation of his contract of employment, Phillips brought this suit in equity to obtain a reformation of the contract, on the ground of mutual mistake, and to recover damages for his wrongful discharge. This appeal is from a decree granting the prayer for reformation and awarding damages in the sum of $13,060. For reversal the district insists that equity did not have jurisdiction of the suit and that in any event Phillips is not entitled to damages.

Phillips had been employed as superintendent of the district for several years. It was the parties' practice to execute two-year contracts of employment, effective as of July 1. Toward the end of the first year, however, the parties always executed a new two-year contract, usually containing a raise in Phillips's salary. Hence each new two-year contract superseded the second half of the contract executed during the preceding year.

At a meeting of the school board held on July 1, 1969, the board approved a $1,500 salary increase for Phillips, which, according to the minutes of that meeting, made "his total salary $13,000 plus house and utility."

Phillips and his secretary prepared all the district's contracts with its teachers and other employees.

Phillips also signed all the contracts on behalf of the district, under a board resolution authorizing him to use rubber-stamp facsimile signatures of the president and secretary of the school board. In actual practice, Phillips's secretary prepared the contracts (as directed by Phillips) and affixed the facsimile signatures.

Both Phillips and his secretary testified, without contradiction, that the secretary made two mistakes in preparing the contract of employment now in issue. First, the secretary used a one-year form of contract instead of the two-year form that the parties intended to use. Second, she failed to include a provision that Phillips was to continue to occupy a dwelling furnished to him by the district, with respect to which the district also paid the utility bills. Phillips signed the contract in his own behalf without noticing the errors.

Under the law a copy of the superintendent's contract of employment must be filed with the county treasurer. That was done. In February, 1970, Phillips discovered the errors in his contract and tried to correct them himself by preparing and signing a new contract. That effort, however, was abortive, because Phillips used the facsimile signature of a school board president who went out of office before the corrected agreement was filed with the county treasurer. In April, 1970, the school board took the position that Phillips's contract of employment was effective for only one year. Upon that assumption the board notified Phillips that his employment would be terminated as of June 30, 1970. Phillips then brought this suit for reformation and for damages.

There is no merit in the district's contention that, because Phillips sought a judgment for money damages, he had an adequate remedy at law. Reformation of written instruments, for mutual mistake, is a matter within the exclusive jurisdiction of equity. *Soderman* v. *Bell*, 102 Ark. 83, 143 S. W. 595 (1912). In a case like this one, where the contract must first be reformed to establish the plaintiff's cause of action for damages, the procedure becomes a two-step process; *but both steps are*

*within the jurisdiction of equity.* Upon that precise point we had this to say in *Martin* v. *Hempstead County Levee Dist. No. 1,* 98 Ark. 23, 135 S. W. 453 (1911): "Here the appellee asks that the contract be made to conform to the agreement entered into according to the intention of the parties, and when so reformed appellee alleges that it is entitled to damages because appellant failed to perform the contract according to its terms; that is to say, appellee first asks that its rights under the contract be established, and, second, that its rights as established be enforced affirmatively against appellant. The first is granted as preliminary to the final relief; and in such cases equity has exclusive jurisdiction."

The appellant district is also in error in its principal argument, that Phillips's employment was actually for only one year. What counsel seem to overlook is the rule that when a court of equity reforms a contract, the decree relates back and takes effect (at least as between the parties) from the date of the original execution of the contract. *Mason* v. *Jarrett,* 218 Ark. 147, 234 S. W. 2d 771 (1950). In other words, if the chancellor was correct in reforming this contract, then Phillips is now in the same favorable position he would have occupied if his contract had been drafted and signed by the parties in the first instance as a two-year contract.

The evidence clearly and convincingly supports the chancellor's decree of reformation. For years it had been the district's unvarying practice to give Phillips a two-year contract of employment. There is not a word of direct proof that the school board meant to change its practice in 1969. To the contrary, both Phillips and his secretary testified that the one-year limitation in the 1969 contract was a mistake on the part of the secretary. That testimony is undenied, for the district introduced no evidence at the trial. Needless to say, the mistake was mutual if both Phillips and the district meant for the renewal contract to be of two years' duration. That the secretary (or even Phillips himself) acted for the district in affixing the facsimile signatures does not mean that it was impossible for both parties to be mistaken in so

signing an agreement that did not express their true intent.

We do not overlook *Johnson* v. *Wert,* 225 Ark. 91, 279 S. W. 2d 274 (1955), where we held that a school board's resolution authorizing the employment of a superintendent is not in itself a contract of hire. Of course not. But here the parties went further and jointly signed a contract that was meant to carry the board's July 1 resolution into effect. That contract, as retroactively reformed by the chancellor, entitles Phillips to recover.

The school district relies upon the minutes of a board meeting held on March 12, 1970, at which Phillips stated that the contract already on file "was the first half of a two year contract and that another contract would be taken to the courthouse July 1, 1970." According to the same minutes, however, Phillips also stated that his contract did not expire until June 30, 1971, and a board member verified that statement. There is no suggestion that Phillips was trained in the law or knew his legal rights in the matter. That he mistakenly supposed that he could protect his position by filing the abortive corrected contract which he had prepared does not abrogate his clear right to reformation, especially as the district was not misled to its detriment by Phillips's statement. We conclude that the trial judge was right in holding that Phillips's remarks at the March, 1970, board meeting did not impair his existing clearcut cause of action for reformation of the contract.

By cross appeal Phillips contends that the chancellor should have included in the decree an award of $3,000 to reimburse Phillips for the loss of travel expenses of $250 a month to which he was entitled under the contract of employment. That contention is without merit. After his discharge Phillips did not actually do any traveling for the district. Consequently he is not in a position to claim reimbursement for expenses that were not in fact incurred.

Affirmed.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. I dissent because there was no mutual mistake. The school board at a regular meeting authorized the extension of Mr. Phillips' contract for two years, but as we pointed out in *Johnson v. Wert*, 225 Ark. 91, 279 S. W. 2d 274 (1955), this resolution of the school board did not constitute a contract. According to Mr. Phillips' own testimony the school board took no further action on his contract following the resolution. All action taken on the contract after that date was by Phillips himself in preparing the contract and affixing thereto the facsimile signatures of the president and secretary of the board. Thus I am unable to see how the school board could be involved in any mistake that may have been made.

Since the laws of this State, Ark. Stat. Ann. § 80-1304 (1969 Supp.), require that a superintendent's contract be in writing and filed with the county treasurer before it becomes valid, the patrons of the district should be entitled to rely on the status of their school personnel as shown by the public records when going to the polls to select board members to carry out their wishes.