## Michael H. MORTON *v.* HAMPTON SCHOOL DISTRICT NO. 1

CA 85-13                                                     700 S.W.2d 373

Court of Appeals of Arkansas
Division II
Opinion delivered December 11, 1985

*Roberts, Harrell, Lindsey & Foster, P.A.*, by: *Allen P. Roberts* and *Phillip J. Foster*, for appellant.

*G. Ross Smith, P.A.*, for appellee.

MELVIN MAYFIELD, Judge. Appellant was principal of the Hampton High School when, in February, 1983, the school's Board of Directors voted to offer him a new contract for the 1983-84 and 1984-85 school years. Appellant signed the contract on March 8, 1983, after directing the bookkeeper in the superintendent's office to add a provision to it under which he would receive rent-free housing. (His current contract provided for rent-free housing.) The contract was subsequently signed by the president of the school board, but the secretary of the board refused to sign it. After a meeting of the board held on March 14, 1983, the appellant was notified that the superintendent would recommend

that his contract not be renewed for the next year; and at a June 23, 1983, meeting, the school board accepted the superintendent's recommendation.

Shortly after appellant's contract was nonrenewed, he filed suit alleging that he had a valid two-year contract which appellees had breached. The trial court held that Ark. Stat. Ann. §§ 80-1304 and 80-509(d) (Repl. 1980) required that a teacher's contract must be in writing, signed by both the secretary and the president of the school board, or a majority of the members of the board, and since neither the secretary of the board nor a majority of the members of the board had signed appellant's proposed contract, no contract had been created.

On appeal to this court, it is argued that the trial court erred in holding that appellant did not have a valid and enforceable two-year employment contract. Appellant contends that by signing and returning the contract to the school board president, who also signed it, a valid and enforceable contract was created. Appellant relies on *Head* v. *Caddo Hills School District*, 277 Ark. 482, 644 S.W.2d 246 (1982), as inferring that "the contract issued Head and signed by him even though it was not accepted by the School District was in fact a valid contract." We do not believe *Head* supports that contention.

Head had been issued a contract and had signed it, but before it was accepted by the school board, he was notified that his contract would not be renewed. However, under a section of The Teacher Fair Dismissal Act of 1979, Ark. Stat. Ann. § 80-1264.3 (Repl. 1980), his contract was automatically renewed because he had not been notified during the term of his contract, or within ten days after the end of the school year, that his contract would not be renewed.

In the present case, however, the question of an automatic renewal is not involved. Here, the court held, and the appellant agrees, the issue is whether a valid and enforceable contract existed even though the secretary of the board had not signed it. We believe that the controlling case on this issue is *Johnson* v. *Wert*, 225 Ark. 91, 279 S.W.2d 274 (1955). In that case the school board had voted to give Johnson, its superintendent, a two-year contract, but before the formal contract was prepared, one of the board members asked Johnson to resign. He refused to resign,

and subsequently had a secretary in the County School Supervisor's office prepare a contract on a regular form prescribed by the State Board of Education and which contained blank spaces for the signature of Johnson and the president and the secretary of the board of directors of the school. Johnson signed the proposed contract and then obtained the signature of the board secretary. A few days later, the school board rescinded its action to rehire appellant and thereafter, when requested to do so, the president of the school board refused to sign appellant's contract.

Johnson filed suit alleging a breach of contract and the trial court held that the majority vote of the board to employ Johnson for a term of two years "did not of itself constitute a valid contract, in that subsequent to that time there must have been entered between the parties by mutual consent and understanding a written contract of employment, because the law requires that it be done." In affirming the trial court in that case, the Arkansas Supreme Court stated:

> The election of appellant for a new two-year term on February 27, 1953, was merely preliminary to the further requirement that a valid written contract in the form prescribed by the State Board of Education be executed. Under the undisputed evidence this second and final step essential to support a recovery of compensation was never met, and the trial court correctly directed a verdict in favor of appellees.

Appellant attempts to distinguish the *Johnson* case, but we do not think those distinctions are pertinent to the issue involved in the instant case. Here, no written contract was signed by a majority of the school board members, or for the board by both its president and secretary. Therefore, appellant had no contract which the board could breach.

Appellant also submits that the board's vote not to renew his contract was in violation of his rights to due process under the United States and Arkansas Constitutions. However, since no valid contract was ever created, no property interest arose and there was no violation of appellant's constitutional rights. *See Board of Regents of State Colleges* v. *Roth*, 408 U.S. 564 (1972), and *Gillespie* v. *Board of Education of North Little Rock*, 528 F. Supp. 433 (E.D. Ark. 1981).

Affirmed.

CRACRAFT, C.J., and CORBIN, J., agree.