The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671
Dear Senator Scott:
This is in response to your request for an opinion on three questions regarding the salaries of school superintendents. You note that some school board members apparently think that annual increases in the salaries of school superintendents are mandated by law while others think such increases are discretionary with the respective school boards. Your three questions in this regard are as follows:
 1. Does the law require that the salaries of school superintendents be increased annually?
 2. If the answer to (1) is "yes," does the law prescribe the procedure for determining the amount of such annual increases?
 3. Do the provisions of Act 802 and Act 1307 of 1997 have any effect on salaries of school superintendents?
It is my opinion that the answer to your first question is "no." It is therefore unnecessary to answer your second question. The answer to your third question, in my opinion is also "no."
The law with regard to the employment of school superintendents provides generally that:
 (a) The public school districts in the several counties of the state shall each employ a superintendent of schools, whose qualifications and duties shall be prescribed by the State Board of Education.
 (b) A `superintendent of schools' is defined as the executive officer of a school district board of directors directing the affairs of the school district and teaching not more than one-half (1/2) time in the school day.
A.C.A. § 6-12-108 (Repl. 1993).
In addition, Section 6-17-301 provides that:
 (a) District school boards may employ superintendents, deputy superintendents, assistant superintendents, and high school principals, as well as department heads, coaches, teachers, and other certified personnel, by written contract for a period of time not more than three (3) years.
(b) Such contracts may be renewed annually.
As was stated in Op. Att'y Gen. 91-427, it is my understanding that superintendents' contracts are typically executed as three-year contracts, but each year a new three-year contract is executed and thus "renewed." A superintendent's salary for each of the three years, or a formula for calculating such salary, is typically set out in the contract. Id. See also Hampton School District v. Phillips, 251 Ark. 90,470 S.W.2d 934 (1971).
I have found no provision of law which mandates annual salary increases for superintendents. It is my opinion, rather, that the matter is one governed by contract. While certainly, a particular contract may require an annual salary increase, and while some contracts apparently provide a formula for calculating a superintendent's salary based upon the salary of other personnel (see again Op. Att'y Gen. 91-427), in my opinion no present requirement of law mandates this result.
The belief that superintendents salaries must be increased annually might be based upon A.C.A. § 6-17-1001, which requires annual salary step increments for additional years of experience. It is my opinion, however, that this statute does not apply to superintendents. Section6-17-1001 requires each school district to pay its "teachers" upon a salary schedule which has annual increments for education and experience. Each additional year experience on the part of a teacher leads to an increase in salary on the salary schedule. The term "teacher" is defined in the statute as including "any full-time employee of a local public school district who is compelled by law to secure a license from the State Board of Education as a condition precedent to employment in a position in or related to grades prekindergarten through twelve (preK-12) of the public schools of this state." It might be argued that this definition is broad enough to cover superintendents, but in my opinion, another, more specific provision of law requires the opposite construction.
A school district salary schedule is included as one of the "personnel policies" of each school district. See A.C.A. § 16-17-201(a). It is this schedule on which each of the step increments discussed above must be reflected. A separate statutory provision, A.C.A. § 6-17-204(c)(3), provides that: "Compensation policies approved by the personnel policy committee shall not apply to the chief administrator who is charged with administration of salary policy for all employees." In my opinion this statute renders the various step increments of the salary schedule inapplicable to the superintendent, who is, of course, the "chief administrator" of the school district.
I have found no other law requiring an annual salary increase for school superintendents. The matter, in my opinion, is one governed entirely by contract. The answer to your first question is therefore "no."
In light of the negative answer to your first question, an answer to your second question is unnecessary.
In my opinion the answer to your third question is "no," as to both acts you reference. Act 802 of 1997 amended A.C.A. § 6-17-1001 to add a step to the schedule establishing minimum salaries for teachers. As concluded above, in my opinion these step increments are not applicable to superintendents. The amendment added by Act 802 is likewise inapplicable, in my opinion.
Act 1307 of 1997 is a more comprehensive act, the purpose of which was to amend or repeal certain codified or uncodified sections of the "Equitable School Finance Act of 1995." See Acts 1997, Nos. 1307 (Title). I find nothing in this act which addresses the compensation of school superintendents.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh