Cite as 2019 Ark. App. 480

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CV–19–60

| | |
|---|---|
| PRESCOTT SCHOOL DISTRICT<br>APPELLANT<br><br>V.<br><br>PATRICIA MARIE STEED<br>APPELLEE | **Opinion Delivered:** October 23, 2019<br><br>APPEAL FROM THE NEVADA COUNTY CIRCUIT COURT<br>[NO. 50CV-14-64]<br><br>HONORABLE RANDY WRIGHT, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

The Prescott School District ("the District") appeals a Nevada County jury award in favor of Patricia Steed on her breach-of-contract action.[1] The District claims that it was entitled to a judgment as a matter of law and, therefore, the trial court should have directed a verdict in its favor. We disagree and affirm.

The District appeals the denial of its motion for a directed verdict. A directed-verdict motion is a challenge to the sufficiency of the evidence, and when reviewing the denial of

---

[1]This is the third time this case has been before us. We dismissed the first appeal for lack of a final, appealable order because (1) it was unclear from the record that Steed's Arkansas Teacher Fair Dismissal Act ("ATFDA") and outrage claims had been dismissed with prejudice; (2) the one-year savings statute on those dismissals had not yet expired; and (3) no Arkansas Rule of Civil Procedure 54(b) certificate had been entered. *See Prescott Sch. Dist. v. Steed*, 2017 Ark. App. 533. On remand, a Rule 54(b) certificate was entered in an effort to solve the problems with finality. The Rule 54(b) certificate, however, was insufficient in both form and substance, and we were forced to dismiss the appeal again for lack of a final, appealable order. *Prescott Sch. Dist. v. Steed*, 2018 Ark. App. 424, 559 S.W.3d 759. A final order has now been entered, and the matter is properly before us.

a motion for directed verdict, we determine whether the jury's verdict was supported by substantial evidence. *Bank of Eureka Springs v. Evans*, 353 Ark. 438, 453, 109 S.W.3d 672, 681 (2003). Our supreme court has defined "substantial evidence" as follows:

> Substantial evidence is defined as evidence of sufficient force and character to compel a conclusion one way or the other with reasonable certainty and it must force the mind to pass beyond mere suspicion or conjecture. *State Auto Property Cas. Ins. Co. v. Swaim*, 338 Ark. 49, 991 S.W.2d 555 (1999); *Barnes, Quinn, Flake & Anderson, Inc. v. Rankins*, 312 Ark. 240, 848 S.W.2d 924 (1993). When determining the sufficiency of the evidence, we review the evidence and all reasonable inferences arising therefrom in the light most favorable to the party on whose behalf judgment was entered, and we give that evidence the highest probative value. *Id.* A motion for directed verdict should be granted only when the evidence viewed is so insubstantial as to require the jury's verdict for the party to be set aside. *Conagra, Inc. v. Strother*, 340 Ark. 672, 13 S.W.3d 150 (2000). A motion for directed verdict should be denied when there is a conflict in the evidence, or when the evidence is such that a fair-minded people might reach different conclusions. *Wal-Mart Stores, Inc. v. Kelton*, 305 Ark. 173, 806 S.W.2d 373 (1991).

*D'Arbonne Constr. Co., Inc. v. Foster*, 354 Ark. 304, 307–308, 123 S.W.3d 894, 897–98 (2003). We will now consider the evidence presented at trial.

In 2013, the District began negotiations to hire Steed as an English teacher for the 2013–2014 school year. At the time of the negotiations, Steed did not possess an Arkansas teaching license but was enrolled in a nontraditional program at Henderson State University to obtain the required teaching certificate. With this knowledge, Superintendent Robert Poole recommended to the District's board of directors (the Board) that it hire Steed to teach English during the 2013–2014 school year despite her lack of a teaching license. With full knowledge of her lack of licensure, the Board unanimously approved the recommendation, voted to hire Steed for the teaching position, and offered Steed an employment contract with the understanding that she would obtain the necessary certification. Steed signed the contract and returned it to Valerie Cobb, an employee of the

District. The contract was not submitted to the Board for signature, however, because Steed had not yet submitted proof of the required certification.

Despite the lack of signature from the Board, Steed performed all the duties of a certified teacher throughout the fall semester in 2013. Sometime during the fall semester, Steed noticed a discrepancy in the pay she actually received and the amount of pay set forth in the employment contract. She brought this to the attention of the District. She was informed that because she had not yet passed her certification, she could be paid only as a long-term substitute teacher and not at the contract rate of pay for a certified teacher.[2] As a result, Steed was paid on a daily rate as a substitute teacher but was performing all the duties of a certified teacher.

During the spring semester of 2014, Steed continued to perform all the duties of a certified teacher while receiving pay as a long-term substitute. In January 2014, the District sent Steed a letter asking whether she intended to continue employment beyond the 2013–2014 school term. She responded that she intended to maintain employment with the District. In April 2014, Steed passed the qualifying examination and received her certification, which was backdated by the Arkansas Department of Education (ADE) to August 2013. Later in April 2014, the District informed Steed that her services were no longer required.

At the jury trial, Steed claimed that she was entitled—and that the District had agreed—to retroactive payment of the salary set forth in the written contract once she

---

[2]Initially, Steed had been paid only as a substitute teacher ($50/day) and not as a long-term substitute ($100/day). The District subsequently paid the difference.

obtained her teaching certificate.[3] The District asserted, however, that because Steed had failed to timely obtain the requisite certification, her employment was only that of a nonlicensed long-term substitute rather than pursuant to the contract. The District claimed it was entitled to a directed verdict because the contract had not been fully executed and was therefore invalid. The trial court, finding that there were issues of fact to be determined by the jury, denied the motion for directed verdict and submitted the case to the jury on Steed's breach-of-contract claim. The jury ultimately found in Steed's favor and awarded damages in the amount of $10,793. The District appeals.

The District's argument on appeal is a straightforward one—the written contract on which Steed relies was never signed by the Board and, therefore, was not a binding contract upon which she could bring suit. The District asserts that the fact that her hiring was approved by the Board is of no moment because our courts have held that a vote of the Board to employ a teacher is not enough to constitute a contract. *See Johnson v. Wert*, 225 Ark. 91, 279 S.W.2d 274 (1955); *Morton v. Hampton Sch. Dist.*, 16 Ark. App. 264, 700 S.W.2d 373 (1985). Moreover, the District claims that Steed was not a "teacher" as defined by Arkansas law, because she did not possess a valid Arkansas teaching certificate; therefore, she could not be employed as a "certified teacher" pursuant to the written agreement. Because there was no binding, enforceable contract, the District claims that it was entitled to a judgment as a matter of law and that the trial court's denial of its motion was in error.

---

[3]Steed filed a complaint against the District alleging three causes of action: breach of contract; violation of the ATFDA; and reckless infliction of emotional distress (denoted by Steed in her complaint as "outrage"). Only the breach-of-contract action was submitted to the jury; the other two causes of action were nonsuited.

4

Although the District presents a straightforward argument—the contract is unenforceable because it was never executed—we do not find this argument persuasive because it ignores the conflicting evidence presented at trial as to whether the District was obligated to execute the contract. It is without dispute that Steed had a noneducation bachelor's degree, that she was enrolled in courses to obtain her teaching certificate and licensure, and that the District employed her to teach with full knowledge of her licensure situation. It is also undisputed that the Board never signed the employment contract extended to Steed. While these things are not in dispute, what is disputed is the time frame during which Steed was required to obtain certification, whether the parties agreed to retroactive teacher pay, and whether the District was obligated to execute the contract upon her satisfaction of the condition precedent to the formation of the contract.

Concerning the time frame during which Steed was required to obtain certification, the evidence is conflicting. The contract itself did not provide a deadline for licensure. Steed claimed that she had the entire 2013–2014 school year to obtain licensure. The District disagreed. Mr. Applegate, the school principal, admitted that it was a common practice for the District to hire uncertified teachers with the anticipation that they would become licensed during the school year. He testified that the District had conditioned its employment contract with Steed, however, on the passing of her licensing exam in July. When she did not do so, the District hired her as a long-term substitute teacher, not a certified teacher. Applegate's testimony was not corroborated by that of District Superintendent Poole. Superintendent Poole testified that Steed had until October 1—not July 1 as Mr. Applegate testified or year end, as Steed testified—to obtain her teaching

5

certification. Certainly, the conflicting evidence on this point created an issue of fact for the jury to decide.

Concerning whether the parties agreed to retroactive teacher pay, the evidence is also conflicting. Steed contended that the District agreed to retroactive teacher pay under the written contract so long as she received her teaching license during the 2013–2014 school term. The District denied this contention. Again, the conflicting evidence on this point was sufficient to create an issue of fact for the jury to determine.

Concerning whether the District was obligated to execute the contract upon Steed's satisfaction of the condition precedent to the formation of the contract, we conclude that the evidence was sufficient to create an issue of fact for the jury. Whether a provision amounts to a condition precedent generally depends on what the parties intended, as adduced from the contract itself. *Stacy v. Williams*, 38 Ark. App. 192, 834 S.W.2d 156 (1992). The intent of parties, if not clear and unambiguous from the face of an agreement, is usually determined by resort to extrinsic evidence, in which case their intent is a question of fact. *See, e.g.*, *Lee v. Hot Springs Vill. Golf Sch.*, 58 Ark. App. 293, 951 S.W.2d 315 (1997); *Floyd v. Otter Creek Homeowners Ass'n*, 23 Ark. App. 31, 742 S.W.2d 120 (1988).

Without question, Steed performed the duties of a certified teacher for the District. Principal Applegate confirmed that Steed performed functions long-term substitutes were not permitted to perform and that could only be performed by certified teachers. He also admitted that the District could have obtained a waiver from the ADE to allow her to teach while she obtained her license but did not do so.

In addition, Ms. Ivy Pfeffer, the assistant commissioner for educator licensure and educator effectiveness with the ADE, testified that Steed's license was issued retroactively because the ADE had been informed by the District that Steed had contracted with the District to teach English. She indicated that if she had been advised by the District that no contract was in place, the provisional license would have been rescinded.

Here, the party's intent is not clear from the face of the employment contract. At the very least, there is a question of fact as to whether the District's requirement that Steed obtain certification was a condition precedent to the formation of the contract and, if the condition was satisfied, whether the District was obligated to execute the written contract.

Accordingly, the trial court did not err in denying the District's motion for directed verdict and in submitting these issues to the jury.

Affirmed.

GRUBER, C.J., and VAUGHT, J., agree.

*Bequette, Billingsley & Kees, P.A.*, by: *George J. Bequette, Jr.*, and *W. Cody Kees*, for appellant.

*Harrelson Law Firm, P.A.*, by: *Steve Harrelson*, for appellee.