SAFEWAY STORES, INC. *v.* Owen WILLMON

86-3 708 S.W.2d 623

Supreme Court of Arkansas
Opinion delivered May 5, 1986

*Laser, Sharp & Mayes*, P.A., for appellant.

*Dodds, Kidd, Ryan & Moore*, for appellee.

ROBERT H. DUDLEY, Justice. The appellee, the plaintiff below, was a customer in the Safeway Store in Malvern and, while pushing a shopping cart down an aisle, slipped on a liquid substance and fell. At trial, the court overruled appellant's motions for a directed verdict, both at the close of the case-in-chief and at the close of all evidence. Appellant contends that the trial court erred in submitting the issue of negligence to the jury. The argument is well taken. We reverse and dismiss.

The law governing the liability of a store owner for injuries to a business invitee who slips and falls on a foreign substance on the premises is well settled. To establish liability of

the store owner to the invitee, the invitee must prove that the presence of the foreign substance on the floor was the result of negligence on the part of the store owner, or that the substance had been on the floor for such a length of time that the storekeeper knew, or reasonably should have known, of its presence and failed to use ordinary care to remove it. The mere fact that a patron slips and falls in a store does not raise an inference of negligence. The doctrine of res ipsa loquitur is not applicable. *Ledford* v. *Gas Mart Co., Inc.*, 259 Ark. 1, 531 S.W.2d 11 (1975).

Appellee slipped on a substance which was specifically identified as clear water by two of appellant's employees who made an inspection of the liquid. The only evidence indicating the foreign substance might be something other than plain water was when the appellee testified that some unknown store employee told him it looked like soapy water.

None of the witnesses knew the origin of the water. Appellee called the store manager as his witness, and the manager speculated that it might have been brought from the water fountain at the rear of the store to the place of the spill, or that someone could have spilled a soft drink cup filled with ice. A store employee testified that he at first guessed it came from one of the one gallon plastic jugs of distilled water which was shelved nearby. However, inspection of the jugs showed that none of them leaked. There simply was no substantial evidence about how the water came to be on the floor. There was only sheer speculation and rank conjecture. There was no proof that the water was on the floor as the result of negligence on the part of the storekeeper.

Similarly, there was no proof that the water had been on the floor for such a length of time that the storekeeper knew, or should have known of its presence and failed to use ordinary care to remove it. Appellant's records show that the aisle where the fall occurred had been swept an hour and fifteen minutes before the fall. Employees had been up and down the aisle in the interval between the time of sweeping and the time of the fall. There was no evidence that any employee knew of the spill or reasonably should have known of it. There was only evidence that if an employee had been working at the checkout counter at the end of the aisle, that employee would have been within fifteen feet of the spill.

16 ██

█ Possible causes of a fall, as opposed to probable causes, do not constitute substantial evidence of negligence.

Reversed and dismissed.

PURTLE, J., not participating.