Herman BOYKIN *v.* MR. TIDY CAR WASH, INC.

87-226 741 S.W.2d 270

Supreme Court of Arkansas
Opinion delivered December 21, 1987

*Lynn A. Davis*; and *Valerie F. Boyce*, Rule XII Student, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

TOM GLAZE, Justice. This is an appeal from the granting of a directed verdict to the appellee in a slip and fall case. The appellant raises only one issue: the trial court erred in granting a directed verdict to the appellee. We agree, and therefore reverse and remand.

On March 28, 1986, appellant went to appellee's place of business, a full service car wash. As is the custom of this type of car wash, appellant turned over his car to the employees for them to run it through the wash rack. After he saw that the employees were finished with his car, he exited the waiting room by stepping out of the door and off of the curb. Appellant fell and was apparently unable to stand due to pain from an injury to his knee, which later required surgery. Contending that he slipped and fell on soapy water, appellant filed suit against the appellees to recover for medical expenses resulting from this injury. After appellant presented his case, the trial judge granted the appellee's motion for directed verdict, holding that the appellant's evidence was too speculative.

In addressing the issue of whether a directed verdict should have been granted, this court must view the evidence in the light most favorable to the party against whom the verdict is sought and give it the highest probative value, taking into account all reasonable inferences deducible from it. *Green* v. *Gowen*, 279 Ark. 382, 652 S.W.2d 624 (1983). The motion should be granted

only if there is no substantial evidence to support a jury verdict. *Id.* This court has held that where the evidence is such that fair minded people might have different conclusions, then a jury question is presented and the directed verdict should be reversed. *See Stalter v. Coca-Cola Bottling Co.*, 282 Ark. 443, 669 S.W.2d 460 (1984).

 Appellant's burden of proof to prevail in a slip and fall case is set out in AMI Civil 2d, 1105. To establish a violation of the appellee's duty to use ordinary care to maintain the premises in a reasonably safe condition, appellant must show *either*: 1) that the presence of the substance upon the premises was the result of negligence on the part of the appellee, *or* 2) that the substance had been on the premises for such a length of time that appellee knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *See also Safeway Stores, Inc. v. Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986); *Skaggs Companies, Inc. v. White*, 289 Ark. 434, 711 S.W.2d 819 (1986). In *Willmon*, we said that the mere fact a patron slips and falls in a store does not raise an inference of negligence, and we further indicated that a jury may not be left to speculate concerning the origin or source of the "foreign substance" which caused the fall. By his complaint and his arguments at trial and on appeal, appellant makes it clear that he is trying to prevail by showing that the presence of the soapy water by the door was the result of negligence of the appellee.[1]

In reviewing the record of the trial, the appellant presented the following evidence: 1) He testified that after he opened the door of the waiting room and stepped down from a curb, his foot slipped "like I hit ice or something;" 2) He said that after he fell, he "noticed there was water and soap, where it was running down in front of the door;" 3) He further related that the water and soap was coming from cars exiting the wash rack and that he was fairly certain that "this [the water and soap from rinsed cars] is what caused [him] to fall;" 4) Tom Beam, a frequent customer of the

---

[1] In ruling on the directed verdict, the trial judge stated that there was insufficient evidence presented as to the question of appellee's notice of the soapy water. The trial judge would be correct in his finding, if the appellant was proceeding under that method of proof.

appellee, testified that he saw the appellant fall but did not see what caused the fall; 5) Beam also testified that immediately where the appellant fell he did not recall water, but he did state that approximately six feet away from the door, an employee of the car wash was rinsing off cars as they exited the car wash rack. In addition, Beam stated that the cars normally were finished before they exited the rack.

The trial judge granted the directed verdict, stating that, from the evidence, the jurors would have to speculate that the water in front of the door resulted from the car-wash employee's actions. We can not agree. Appellant's testimony showed that soapy water was running in front of the door he had exited, and Beam related that just six feet to the right of that door, an appellee's employee was rinsing off cars as they exited the wash rack. In viewing, as we must, the testimony in appellant's favor and deducing from the evidence all reasonable inferences, we believe the jury could have reasonably inferred from the evidence that the employee's actions resulted in soapy water running in front of the door. Whether that evidence shows the appellee was negligent and the soapy water caused the appellant to fall are simply questions for the jury to answer. Accordingly, we reverse and remand for the jury to determine these questions of fact.