Emmett JOHNSON *v.* ARKLA, INC.

89-110                                           771 S.W.2d 782

Supreme Court of Arkansas
Opinion delivered July 3, 1989

*Simmons S. Smith*, for appellant.

*Wallace, Dover & Dixon*, by: *David A. Couch*, for appellee.

TOM GLAZE, Justice. This is a slip and fall in which the trial court granted appellee's motion for a directed verdict. Appellant's sole issue on appeal is that the evidence was sufficient for his case to be submitted to the jury. We disagree, and therefore

affirm.

On November 15, 1985, around 9:30 a.m., the appellant went to the appellee's place of business, the Arkla Gas Company office in Little Rock at 400 East Capitol, to pay his gas bill. After the appellant entered the office, he decided to look at some appliances on display in the lobby. While walking towards the appliances, the appellant fell and suffered an injury to his left ankle and his lower back. Contending that he slipped and fell on a small penlight or double A battery on the floor, the appellant filed suit against the appellee seeking over $150,000 in medical expenses and damages, which he alleged were a result of his injury. After the appellant presented his case at trial, the trial judge granted the appellee's motion for directed verdict.

In addressing the issue of whether a directed verdict should have been granted, this court must view the evidence in the light most favorable to the party against whom the verdict is sought and give it the highest probative value, taking into account all reasonable inferences deducible from it. *Boykin* v. *Mr. Tidy Car Wash, Inc.*, 294 Ark. 182, 741 S.W.2d 270 (1987). This court has held that where the evidence is such that fair minded people might have different conclusions, then a jury question is presented and the directed verdict should be reversed. *Id.*

The appellee owes the invitee the duty to use ordinary care to maintain the premises in a reasonably safe condition. AMI Civil 3rd, 1105. To prevail in a slip and fall case, the appellant must show that appellee violated this duty by proving either 1) that the presence of an object upon the floor was the result of the negligence on the part of the appellee or 2) that an object has been on the floor for such a length of time that the appellee's employees knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Id.; see also Boykin*, 294 Ark. 182, 741 S.W.2d 270; *Safeway Stores, Inc.* v. *Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986). This court has stated that the mere fact that a patron slips and falls in a store does not give rise to an inference of negligence. *Willmon*, 289 Ark. 14, 708 S.W.2d 623. In the present case, the trial judge, in granting appellee's motion for a directed verdict, found that the appellant failed to introduce evidence from which the jury could infer that the appellee violated either of the two elements set out

in AMI 1105.

In the present case the origin of the battery, upon which appellant alleges he slipped, is unknown.[1] In fact, one of the appellee's employees testified that none of the appliances in the area used that type of battery. Thus, appellant clearly failed to show that the object's or battery's presence on the floor resulted from the appellee's negligence. In this respect, the case here differs from *Boykin*, which is relied upon by appellant and which involved a substance — soapy water — that ran in from off the door of the defendant's car wash business where the plaintiff fell.

Pointing to his complaint and the evidence he presented at trial, appellant argues and attempts to show on appeal that the appellee was negligent because the battery, causing his fall, had been on the floor for such a length of time that the appellee's employees knew or reasonably should have known of its presence and failed to remove it. His proof failed to meet this required legal test. In reviewing the record, we find the following evidence: 1) a maintenance man and six other employees were in the lobby and three of these employees sat where they could see the appliance area; 2) all of the employees in the lobby were instructed to pick up debris off the floor and to periodically mill around the lobby to check on the customers and the floor; 3) the building had been opened, at most for two hours at the time of the accident; 4) a maintenance crew had mopped the floor the night before the accident. Viewing the evidence in a light most favorable to the appellant, as we must, the longest amount of time that the battery could have been on the floor was two hours — a fact the appellant conceded both in his brief and in oral argument.

The length of time the object is on the floor is a key factor in these cases. In fact, this court has stated that the burden is on the appellant to show that the interval between the time the foreign substance is on the floor and the time of the fall was substantial. *Moore* v. *Willis*, 244 Ark. 614, 426 S.W.2d 372 (1968). In *Moore*, this court held that evidence that water and dirt tracked in by customers had accumulated for two hours

---

[1] There is testimony disputing the existence of the battery on the floor before the fall, but upon review of appellant's argument on appeal, we presume a battery was on the floor at the time of appellant's fall.

inside the doorway of a store was not sufficient evidence from which the jury might determine, without speculation or conjecture, that it should have been observed by appellee or his employees in time to give opportunity for its removal prior to the entry and fall of the invitee. Likewise, in *Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986), we stated that evidence that water had been in the aisle of a supermarket for one hour and fifteen minutes was insufficient to show that any employee knew or reasonably should have known, of the spill. In so holding, we noted evidence, favoring the plaintiff's story, that indicated that an employee working at the supermarket's checkout counter would have been within fifteen feet of the spill.

Here, we believe the trial court's decision to direct a verdict in appellee's behalf was consistent with our earlier cases. Under the circumstances described in this cause, the evidence was insufficient to justify any inference of negligence on the part of the appellee.

For the reasons stated above, we affirm.