Betty DYE *v*. WAL-MART STORES, INC.

89-137                                    777 S.W.2d 861

Supreme Court of Arkansas
Opinion delivered October 16, 1989

*Hardin, Jesson & Dawson*, by: *J. Leslie Evitts III*, for appellant.

*Martin, Vater, Karr & Hutchinson*, by: *W. Asa Hutchinson*, for appellee.

TOM GLAZE, Justice. This is a slip and fall case in which the trial court granted appellee's motion for a directed verdict. Appellant's only issue on appeal is that the evidence was sufficient for her case to be submitted to the jury. We disagree and therefore affirm.

198

On October 22, 1986, sometime between 9:15 a.m. and 9:30 a.m., appellant went to appellee's place of business to purchase medication. It had been raining for an extended period of time that morning. Appellant entered the glassed-in foyer area of the store and wiped the water from the soles of her tennis shoes on floor mats. Upon going through a second set of glass doors and entering the main part of the store, appellant slipped and fell, sustaining severe injuries. She contends she slipped because appellee failed to provide a second set of floor mats in front of the second set of doors.

This court has stated that the mere fact that a patron slips and falls in a store does not give rise to an inference of negligence. *Johnson* v. *Arkla, Inc.,* 299 Ark. 399, 771 S.W.2d 782 (1989); *Safeway Stores, Inc.* v. *Willmon,* 289 Ark. 14, 708 S.W.2d 623 (1986). The law is settled that the appellee owes the invitee the duty to use ordinary care to maintain the premises in a reasonably safe condition. *Johnson,* 299 Ark. 399, 771 S.W.2d 782; AMI Civil 3rd, 1105. To prevail in a slip and fall case, the appellant must show that appellee violated this duty by proving either (1) that the presence of a substance upon the floor was the result of the negligence on the part of the appellee or (2) that the substance has been on the floor for such a length of time that the appellee's employees knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Id.*; see also *Boykin* v. *Mr. Tidy Car Wash, Inc.,* 294 Ark. 182, 741 S.W.2d 270 (1987); *Willmon,* 289 Ark. 14, 708 S.W.2d 623. In the present case the trial judge ruled that the appellant failed to introduce evidence which would satisfy either prong of the above-stated test. We agree.

In viewing the record in the light most favorable to the appellant, the record reflects the following events: (1) appellant went to the store within thirty minutes after it opened for business on a rainy day; (2) she wiped rain off her tennis shoes on the floor mats placed immediately inside the entrance and enclosed foyer of the store; (3) she was aware no mats appeared inside the main part of the store at the second entranceway but noticed no substance on the floor at any time; and (4) after her fall, she noticed no water or any other substance on her clothing. In sum, appellant not only failed to show appellee knew or reasonably should have known of the presence of a foreign substance on its

floor and failed to remove it, she offered no proof that any substance whatsoever was present at the time and place she fell. The trial court's decision to grant appellee's motion for directed verdict was correct.

We affirm.