WAL-MART STORES, INC. *v.* Edith Ann KELTON and
Dale T. Kelton

90-343                                    806 S.W.2d 373

Supreme Court of Arkansas
Opinion delivered April 1, 1991

*Daily, West, Core, Coffman & Canfield*, by: *Ben Core*, for appellant.

*Stephen M. Sharum*, for appellees.

ROBERT L. BROWN, Justice. This is an appeal of a slip and fall case. Appellant Wal-Mart Stores, Inc. asserts that there was insufficient evidence for the trial court to award appellee Edith Ann Kelton judgment for $20,973 for medical expenses following

a jury trial.

We affirm the trial court's judgment.

On September 3, 1988, at 10:10 a.m. appellees Edith Ann Kelton and Dale T. Kelton, who are married, purchased a few items at a Fort Smith Wal-Mart store. The Keltons were accompanied by Edith Ann Kelton's sister, Martha Sue Nichols. It was raining and, according to the Kelton and Nichols, a puddle of water had collected inside the store between the checkout counter and the exit door. Edith Ann Kelton slipped on the water when leaving (her sister said she fell) and injured her shoulder and lumbar back.

The Keltons and Nichols left the store after the accident, went to their car in the parking lot, but then returned minutes later and told the assistant manager on duty what had happened. The water was still there, according to Mrs. Kelton. The Keltons gave their address and telephone number to the assistant manager. No customer incident report was completed by any Wal-Mart personnel. After the Keltons filed a complaint in court some five months later, Wal-Mart conducted its first investigation into the incident.

A jury trial was held on July 31, 1990. Edith Ann Kelton described the collected water on the floor: "It was all spread out. It looked like tracks had been run through it." Later she said the water was "spread out around me . . . like it had been trampled in or something, it was all around there." She also testified that Wal-Mart employees knew the water was there. Her sister testified that she felt a drop of water hit her face inside the store at the time of the incident. Dale Kelton said at trial that she saw that people had walked through the water "and splashed it around." He added: "I seen tracks leading to the door." A Wal-Mart witness did verify that Wal-Mart employees came into work through the exit door of the store. A tile was missing in the store's ceiling, according to Mr. Kelton. Wal-Mart employees contradicted this testimony.

At the trial's conclusion, one verdict form completed and signed by the jurors found for the defendant Wal-Mart and against the Keltons. A second verdict form awarded Edith Ann Kelton $20,973 for medical expenses. The trial court polled the

jury on the two verdicts and the seeming inconsistency. The jury returned to the jury room and later submitted the first verdict with the names of all three parties crossed out. The verdict awarding Mrs. Kelton damages was resubmitted unchanged. No further objection was made by Wal-Mart's counsel to the two verdict forms.

### Sufficiency of the Evidence

Wal-Mart moved for a directed verdict at the close of the appellees' case and then again at the close of all the evidence. Both motions were denied. Wal-Mart then moved for a new trial after the jury verdict and alternatively requested other post-judgment relief as well. That motion was never decided. In the directed verdict motions and motion for a new trial and other post-judgment relief, questions about the sufficiency of the evidence were raised.

In addressing the sufficiency issue we must first view the evidence in the light most favorable to the party against whom the verdict is sought and give that evidence the highest probative value, taking into account all reasonable inferences that can be derived from it. *Boykin* v. *Mr. Tidy Car Wash, Inc.*, 294 Ark. 182, 741 S.W.2d 270 (1987). A motion for a directed verdict should be granted only when the evidence viewed is *so insubstantial* as to require the jury's verdict for the party to be set aside. *Id.*; *see also Green* v. *Gowan*, 279 Ark. 382, 652 S.W.2d 624 (1983). A motion for a directed verdict should be denied only when there is a conflict in the evidence, or when the evidence is such that fair minded people might reach different conclusions. *Stalter* v. *Coca-Cola Bottling Co.*, 282 Ark. 443, 669 S.W.2d 460 (1984). Under those circumstances a jury question is presented and a directed verdict is inappropriate. *Id.*

It is not this court's province to try (or retry) issues of fact. Instead, this court examines the record to determine if there is substantial evidence to support the jury verdict. *B-W Acceptance Corp.* v. *Norman Polk*, 242 Ark. 422, 414 S.W.2d 849 (1967). Substantial evidence is defined as "that which is of sufficient force and character that it will compel a conclusion one way or another. It must force or induce the mind to pass beyond a suspicion or conjecture." *Kinco., Inc.* v. *Schueck Steel, Inc.*, 283 Ark. 72, 76, 671 S.W.2d 178, 181 (1984).

■ We have previously described the proof necessary for a plaintiff to prevail in a slip and fall case. The plaintiff must prove:

> . . .either (1) that the presence of a substance upon the floor was the result of the negligence on the part of the appellee or (2) that the substance has been on the floor for such a length of time that the appellee's employees knew or reasonably should have known of its presence and failed to use ordinary care to remove it.

*Dye* v. *Wal-Mart Stores, Inc.*, 300 Ark. 197, 198, 777 S.W.2d 861, 862 (1989).

Wal-Mart vehemently argues that there was no proof of a foreign substance on the floor due to its negligence and further no proof that a substance, if any, remained on the floor for a length of time to evidence its failure to use ordinary care. Wal-Mart cites two other cases in support of its argument — *Mulligan's Grille, Inc.* v. *Aultman*, 300 Ark. 544, 780 S.W.2d 554 (1989); and *Skaggs Companies, Inc.* v. *White*, 289 Ark. 434, 711 S.W.2d 819 (1986). Both cases are distinguishable. In *Aultman* there was no proof of any foreign substance presented to the jury. In *White* the plaintiff did testify about a mystery substance on the floor, but there was no testimony of what the substance was or how it got there. Moreover, in *Dye* v. *Wal-Mart Stores, Inc., supra*, there was no testimony by the plaintiff that there was any substance on the floor at the time and place she fell.

■ Testimony was presented at trial to support the Keltons' claim. It was raining on the day in question. Water was on the Wal-Mart floor between the counter and the exit door. Wal-Mart employees entered the store through this door. There were foot tracks through the water on the floor. One witness felt a water drop hit her face. Another saw that a tile was missing in the ceiling. The water was still there when the Keltons returned. No incident report was completed by Wal-Mart personnel. No investigation was done by Wal-Mart until five months later.

Though some of this testimony was contradicted by Wal-Mart witnesses, it collectively constitutes substantial evidence. The jury could readily infer that water had collected inside the building on the floor for an undue period of time and failure to wipe the floor clean or warn of its presence was a breach of

ordinary care and, therefore, negligence.

We have examined the record to determine if there is substantial evidence to support the jury verdict, as we are required to do. *See B-W Acceptance Corp.* v. *Polk,* 242 Ark. 422, 414 S.W.2d 849 (1967). Based on the evidence presented to the jury, we cannot say as a matter of law that the jury erred.

### Instructions

Wal-Mart advances additional error based on the refusal of the trial court to give two of its proffered instructions:

### Proffered No. 13

No presumption of negligence arises from the mere fact that a person sustains a fall while in a business establishment.

### Proffered No. 14

A business establishment is not an insurer of its patrons or business invitees against any and all hazards which might be encountered on its premises.

The trial court did give AMI 603 at Wal-Mart's request:

### AMI 603

The fact that an injury occurred is not, of itself, evidence of negligence on the part of anyone.

■■ Though Wal-Mart is correct that its proffered instructions accurately reflect two of our case decisions, failure to give those instructions is not error when an AMI instruction covering the same subject matter is on point. *See Wharton* v. *Bray,* 250 Ark. 127, 464 S.W.2d 554 (1971). There is, too, our longstanding preference in favor of AMI instructions over non-AMI instructions. Per Curiam Order (April 19, 1965). AMI 603 clearly preempts Wal-Mart's proffered No. 13 and is arguably broad enough to cover proffered No. 14 as well. Reference, furthermore, to an insurer's status in No. 14 could have been confusing to the jury. The trial court did not abuse its discretion in refusing to give either instruction.

■ The trial court did give two AMI instructions that, in part, are duplicative:

## AMI 1104

In this case Edith Ann Kelton was a business invitee upon the premises of Wal-Mart Stores, Inc.

Wal-Mart Stores, Inc., owed Edith Ann Kelton a duty to use ordinary care to maintain the premises in a reasonably safe condition.

## AMI 1105

Edith Ann Kelton contends that she slipped on a watery substance which was present on Wal-Mart Store, Inc.'s premises. Wal-Mart Stores, Inc., owed Edith Ann Kelton a duty to use ordinary care to maintain the premises in a reasonably safe condition. To establish a violation of this duty, Edith Ann Kelton just prove either that the presence of the substance upon the floor was the result of negligence on the part of Wal-Mart Stores, Inc., or that the substance had been on the floor for such a length of time that Wal-Mart Stores, Inc. knew or reasonably should have known of its presence and failed to use ordinary care to move it.

Wal-Mart contends the double reference to the duty of ordinary care was prejudicial. We do not agree. At worst any prejudice to Wal-Mart was minimal and the error harmless. It certainly does not warrant reversal of the jury's verdict.

### Inconsistent Verdicts

There is, finally, the issue of dual verdicts which are alleged to be facially inconsistent: one verdict form appears to be a defendant's verdict; the second awards Edith Ann Kelton $20,973 for medical expenses. When told by the trial judge to resolve this inconsistency, the jury returned to the jury room and struck the parties' names in what had appeared to be a verdict in favor of Wal-Mart. The verdict awarding damages for medical expenses to Edith Ann Kelton was returned unchanged.

■ It appears to us that the jury attempted to void the

verdict form for Wal-Mart and uphold its damage award to Edith Ann Kelton. In any case, counsel for Wal-Mart did not object after the jury returned a second time, and the time to correct or clarify an irregularity in the verdict is before the time that the jury is discharged. *See Center* v. *Johnson*, 295 Ark. 523, 750 S.W.2d 396 (1988). This issue is not appropriately before us on appeal.

The judgment of the trial court is, therefore, affirmed.

Affirmed.

DUDLEY and CORBIN, JJ., not participating.