BANK OF MALVERN *v.* Jammie DUNKLIN

91-128                                        817 S.W.2d 873

Supreme Court of Arkansas
Opinion delivered November 4, 1991

128

*Wright, Lindsey & Jennings*, by: *Mark L. Pryor*, for appellant.

*Lovell & Nalley*, by: *John Doyle Nalley*, for appellee.

DAVID NEWBERN, Justice. This is a slip and fall case in which the jury returned a verdict for thirty-four thousand dollars against the appellant, the Bank of Malvern. The Bank argues the evidence was insufficient and a verdict should have been directed in its favor. We find the evidence insufficient and reverse and dismiss. The Bank raises other issues concerning the admissibility of certain statements and photographs, but a discussion of them is unnecessary in light of our resolution of the first question.

The appellee, Jammie Dunklin, entered the east entrance of the Bank a few minutes after it opened at nine o'clock in the morning. At that time, it was raining. Dunklin proceeded through the doors leading into the lobby, and after taking a few steps, she fell and broke her arm. Dunklin testified her feet hit something slick causing her to fall, but she did not see the substance. Dunklin assumed the substance was water because after the fall she was lying in something wet. Dunklin could not remember whether her clothes were wet when she got up because she was in so much pain. None of the other witnesses who testified remembered seeing any substance on the floor the morning of the accident.

Brenda Weldon was an employee of the Bank whose desk was located near the east entrance where Dunklin fell. She

testified employees arrived at work beginning at eight o'clock, and usually five or six employees entered the Bank through the east entrance. Weldon remembered only one customer entering the Bank before Dunklin the morning of the accident.

A motion for a directed verdict should be granted only if there is no substantial evidence to support the verdict. On appeal from a denial of a directed verdict, the Court views the evidence in the light most favorable to the party against whom the verdict is sought and gives it the highest probative value. *Boykin v. Mr. Tidy Car Wash, Inc.*, 294 Ark. 182, 741 S.W.2d 270 (1987). Substantial evidence has been defined as being of sufficient force and character to compel a conclusion one way or another. It must force the mind to pass beyond suspicion or conjecture. *Wal-Mart Stores, Inc. v. Kelton*, 305 Ark. 173, 806 S.W.2d 373 (1991).

A property owner has a general duty to exercise ordinary care to maintain his or her premises in a reasonably safe condition for the benefit of invitees. *Johnson v. Arkla, Inc.*, 299 Ark. 399, 771 S.W.2d 782 (1989). *See also* AMI Civil 3rd, 1104. The burden of establishing a violation of this duty in a slip and fall case is well established. A plaintiff must show either: 1) that the presence of a substance upon the premises was the result of the defendant's negligence, or 2) that the substance had been on the premises for such a length of time that the defendant knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Safeway Stores, Inc. v. Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986). *See also* AMI Civil 3rd, 1105.

Under the first part of the standard, the Bank argues there was insufficient evidence that a substance was on the floor as a result of their negligence. Dunklin could only speculate that the substance which caused her fall was water. She did not see the sbustance before she fell and only believed it was water because she felt something wet beneath her. Furthermore, there was no substantial evidence regarding how the substance came to be on the lobby floor. Dunklin believed water was brought inside on the clothes or shoes of a customer or employee and that it accumulated on the floor causing her to fall. This testimony was speculative and insufficient to show there was a substance on the floor due to the Bank's negligence. In *Safeway Stores, Inc. v.*

*Willmon, supra,* the Court stated "possible causes of a fall, as opposed to probable causes do not constitute substantial evidence of negligence."

The Bank next contends, under the second part of the standard, that there was insufficient evidence that a substance remained on the floor for such a length of time that its employees were or should have been aware of its existence and failed to exercise ordinary care to remove it. We have recognized the length of time a substance is on the floor is a key factor. The burden is on the plaintiff to show there is a substantial interval between the time the substance is placed on the floor and the time of the accident. *Johnson* v. *Arkla, Inc., supra.*

Here, there was insufficient evidence that a substance had been on the lobby floor for such a substantial period that the employees knew or should have known of its existence. There is a possibility that an employee brought water in when coming to work at eight o'clock that morning. It is equally possible that Dunklin herself brought water in when she entered the Bank. There was no evidence from which a jury might determine without speculation or conjecture how the substance got on the floor or how long it remained there prior to the accident. *Skaggs Co.* v. *White,* 289 Ark. 434, 711 S.W.2d 819 (1986).

Dunklin cites *Wal-Mart Stores, Inc.* v. *Kelton, supra,* in support of the judgment. In that case, the appellee slipped and fell on water which had accumulated between the checkout counter and the exit door of the store. As in the present case, it was raining the morning of the accident. Kelton fell approximately two hours after the store opened. Other witnesses identified the substance as water and testified the water had foot tracks through it. Also, a Wal-Mart employee stated most employees used the exit door to enter and leave the store. A witness testified a tile was missing from the store ceiling and another said a drop of water hit her face while in the store. After the fall, Kelton left the store and returned later to find the water still on the floor. Based on this evidence, the Court held the jury could infer water collected inside the building for an undue period of time and failure to remove it was negligence.

*Wal-Mart Stores, Inc.* v. *Kelton, supra,* is clearly distinguishable. There was no evidence in the present case that there

were foot tracks through the water in the Bank lobby which might lead to the inference that employees had walked through the water and ignored the danger it presented. Also, in the *Kelton* case, the store was open more than two hours before the accident occured, thus leading to the conclusion that employees had time and opportunity to notice the water. Here, there was no evidence whatever of a substance on the floor prior to the time the Bank opened for business. The accident occured only a few minutes after the Bank doors opened to customers which would leave very little time to notice a substance on the floor which might have been brought in by them. There was no evidence of a leak in the Bank ceiling which might indicate the Bank knew or should have known of water accumulation on the floor.

Reversed and dismissed.