Patricia Faye DERRICK *v.* MEXICO CHIQUITO, INC.

91-165                                    819 S.W.2d 4

Supreme Court of Arkansas
Opinion delivered November 11, 1991

218

[redacted]

*Boyette, Morgan, Millar & Killough, P.A.*, by: *Mike Millar*, for appellant.

*Anderson & Kilpatrick*, by: *Overton S. Anderson & Frances E. Scroggins*, for appellee.

TOM GLAZE, Justice. This is a slip and fall case in which the jury returned a unanimous verdict in favor of appellee. The appellant raises two issues on appeal: first, the trial court erred in refusing to allow appellant to photograph the interior of appellee's restaurant; and second, the evidence was insufficient to support the jury's verdict. We affirm.

On June 17, 1987, appellant and her business associate, Mark Dossett, ate dinner at appellee's restaurant. As they were leaving, appellant went to speak to the manager regarding a cracked glass in which she had been served water. She walked from the area of the restaurant near the cash register across a tiled hallway toward the kitchen and restroom area. When she returned down the same hallway, appellant slipped and fell, sustaining severe injuries. Appellant filed suit against the appellee, alleging that her fall and the injuries to her arm were caused by a slippery substance on appellee's floor.

After the incident, the restaurant was remodeled and the area of the fall was carpeted. Appellee's motion in limine was granted, preventing any mention of this renovation to the jury. Appellant made an oral and a written motion for entry onto appellee's premises for the purpose of photographing the scene. Both motions were denied because the conditions in the restaurant had changed and because it did not appear that allowing photographs would be reasonably calculated to lead to admissible evidence. However, the trial court permitted appellant's counsel to enter the restaurant and to make any diagrams or plats they desired.

■ In reviewing the trial court's denial of appellant's motion to photograph the restaurant, the trial court has a wide latitude of discretion in matters pertaining to discovery. *Curbo* v. *Harlan*, 253 Ark. 816, 490 S.W.2d 467 (1973). This court will not reverse the decision of a trial judge in the absence of an abuse of discretion which is prejudicial to the party appealing. *Marrow* v. *State Farm Insurance Co.*, 264 Ark. 227, 570 S.W.2d 607 (1978).

■ We conclude that the trial court acted within its discretion in this case. First, appellant made no showing that the taking of photographs would have lead to the discovery of admissible evidence, nor did she show any prejudice would result from the denial of her motion. Her attorneys were allowed to enter the restaurant, and they made a diagram depicting the floor area where appellant had been seated, where she walked, and. where she fell. Also, shortly after appellant's fall, appellee took a Polaroid photograph of the hallway area as it appeared at the time appellant sustained her injuries and before any remodeling had been done. The parties introduced the diagram and photograph at trial and had their respective witnesses use them to explain their versions of what occurred. Because these exhibits enabled the appellant to describe and explain her version of the facts to the jury, the trial court cannot be said to have abused its discretion in disallowing appellant to take additional photographs of the same interior of the restaurant after its renovation.

■■ As her second point of appeal, appellant claims that the verdict of the jury is not supported by substantial evidence. Substantial evidence is defined as that which is of sufficient force and character that it will compel a conclusion one way or another. It must force or induce the mind to pass beyond suspicion or conjecture. *Bank of Malvern* v. *Dunklin*, 307 Ark. 127, 817 S.W.2d 873 (1991). This court has stated that we must affirm if there is substantial evidence to support the judgment below. *Handy Dan Improvement Center, Inc.* v. *Peters*, 286 Ark. 102, 689 S.W.2d 551 (1985). Further, in testing the sufficiency of the evidence as being substantial on appellate review, we need only consider the testimony of the appellee and that part of the evidence which is most favorable to the appellee. *Love* v. *H.F. Construction Company*, 261 Ark. 831, 552 S.W.2d 15 (1977).

■■ The law is well settled that the appellee owes the invitee the duty to use ordinary care to maintain the premises in a reasonably safe condition. *Dye* v. *Wal-Mart Stores, Inc.*, 300 Ark. 197, 777 S.W.2d 861 (1989); *Johnson* v. *Arkla, Inc.*, 299 Ark. 399, 771 S.W.2d 782 (1989). In order to prevail in a slip and fall case, the appellant must show either (1) the presence of a substance upon the premises was the result of the defendant's negligence, or (2) the substance had been on the floor for such a length of time that the appellee knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Dunklin*, 307 Ark. 127, 817 S.W.2d 873; *Safeway Stores, Inc.* v. *Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986); *see also* AMI Civil 3rd, 1105. The mere fact that a person slips and falls does not give rise to an inference of negligence. *J.M. Mulligan's Grille, Inc.* v. *Aultman*, 300 Ark. 544, 780 S.W.2d 554 (1990). Possible causes of a fall, as opposed to probable causes, do not constitute substantial evidence of negligence. *Willmon*, 289 Ark. 14, 708 S.W.2d 623.

In reviewing the record of the trial, appellee's main theory was that no substance was present on the floor either before or after the accident. Maria Woodcock, the waitress who served appellant, testified that she had walked across the tiled floor approximately two to three minutes before the fall and there was nothing on it. Todd Underwood, the restaurant manager, testified that he had walked through the area within five minutes of the fall and nothing was on the floor at that time. Underwood also testified that he rubbed his hand across the floor after appellant fell and found nothing oily, slippery or wet on the floor.

Further, both employees testified that the restaurant took steps to maintain the premises in a reasonably safe condition. Woodcock testified that the restaurant had a policy concerning spills under which the employees were required to clean up any foreign substances off the floor as soon as they discovered them. Underwood testified that part of his duties as manager included "roaming" the restaurant to make sure there were no problems.

■ While conflicting evidence was presented by appellant, the jury was not required to believe appellant's version of what occurred. In *Blissett* v. *Frisby*, 249 Ark. 235, 239, 458 S.W.2d 735, 738 (1970), the court stated the following:

Resolution of conflicts in testimony in a law case is not within the province of an appellate court. (citation omitted) It is fundamentally a jury function, and a verdict usually is conclusive. (citation omitted) Especially is this so where questions of negligence, contributory negligence and credibility of witnesses are involved.

■ Appellee presented sufficient evidence to support the jury's verdict; therefore, we affirm.