Linda LIKE, et al. *v.* Dave PIERCE, d/b/a D & M Mobile Home Sales

96-835                                        934 S.W.2d 223

Supreme Court of Arkansas
Opinion delivered December 9, 1996

*Webb & Doerpinghaus*, by: *Doyle Webb, II*, for appellant.

*Pope, Ross, Dendy, & Cazort*, by: *Robert D. Ross*, for appellee.

TOM GLAZE, Justice. Appellant Linda Like brought this tort suit against Dave Pierce and his business, D & M Mobile Home Sales, after Like sustained a broken ankle when she was on D & M's premises to tour some mobile homes.[1] She alleged that, in order to view the motor homes, she was required to exit the back door of D & M's office onto steps, and as she descended from the bottom step onto a gravel walkway, her ankle turned, causing her to fall. Like alleged the business's steps were of a faulty design, too narrow, and too steep for a safe exit from the office. Pierce filed a motion for summary judgment, asserting there was no evidence that Like's injury was caused by his or D & M's negligence. The trial court granted Pierce's motion, from which Like brings this appeal. We affirm.

Like argues the trial court erred in finding no issue of material fact existed. She first notes that, because she was a business invitee, D & M owed her a duty to use ordinary care to maintain its premises in a reasonably safe condition. *Young v. Paxton*, 316 Ark. 655, 873 S.W.2d 546 (1994). Like further argues that D & M's back-door exit and staircase provided steps that were too steep and narrow, and this faulty condition of the steps caused poor footing onto the gravel. These allegations, Like suggests, present material factual issues that remain undecided and are reasons for reversing and remanding this matter for further proceedings.

Pierce concedes Like was a business invitee and, therefore, he owed a duty to use ordinary care to maintain his premises in a reasonably safe condition. Nonetheless, he argues Like still must show Pierce was negligent and that such negligence was a proximate cause of her damages. *See* AMI Civil 3rd, 203. Pierce claims the evidence presented by Like proves neither negligence nor proximate cause. We agree. In Like's deposition, she described exiting through D & M's back door and going down steep steps which had a safety rail on the right side. Like said that she had plenty of room for her foot on the steps, but when she departed the bottom step, her "left ankle turned in the gravel and [she] fell forward." She recalled the gravel walkway contained big, gray granite. From this description, Like simply falls short of showing that either the stairs or the gravel created a dangerous condition causing her fall and injuries.

---

[1] Like's husband joined in this lawsuit, alleging loss of consortium.

Like cites the case of *Carton* v. *Missouri Pacific R.R. Co.*, 303 Ark. 568, 798 S.W.2d 344 (1974), but that case, we think, only emphasizes the insufficiency of proof submitted by Like. The *Carton* decision involved an obvious danger where the plaintiff-driver slipped and fell at the railroad's terminal when walking on a gravel surface, which had become "dirty, messy and greasy" due to diesel-fuel spillage. The *Carton* court held that, although the duties of occupiers of land to business invitees usually ends when the danger is either known or obvious to the invitees, the obvious danger rule does not bar recovery when the invitee is forced, as a practical matter, to encounter a known or obvious risk to his job. In the present case, Like's proof appears marginal, at best, in establishing any negligence on Pierce's part in the placement of the stairs exiting D & M's office, but it is altogether wanting in Like's attempt to show Pierce's negligence, if any, caused Like's injuries. For instance, nothing Like presented showed the gravel was inherently dangerous or contained some type of substance making the walkway unreasonably unsafe or dangerous.

Because Like's pleadings and proof fail to show a genuine issue of material fact establishing her injuries were caused by Pierce's negligence, we affirm the trial court's ruling that Pierce was entitled to judgment as a matter of law.