CONAGRA, INC. *v.* Vida STROTHER

CA 99-327 5 S.W.3d 69

Court of Appeals of Arkansas
Division IV
Opinion delivered November 17, 1999

*Walmsley & Weaver*, by: *Tim Weaver*, for appellant.

*Comer Boyett, Jr.,* for appellee.

ANDREE LAYTON ROAF, Judge. This is a negligence case. Vida Strother sustained injuries when she slipped on a wet floor while leaving her employment site at Conagra after her shift had ended. Conagra appeals from a jury verdict in favor of Vida Strother for $125,000 in damages. Conagra raises two issues on appeal: (1) whether the trial court erred in failing to grant its motion for a directed verdict at the close of trial and motion for judgment notwithstanding the verdict (JNOV) after the verdict was returned; and (2) whether the trial court erred in failing to grant Conagra's motion for a new trial. We find no reversible error and affirm.

For more than twenty years, Vida Strother worked as an employee of the United States Department of Agriculture (USDA) assigned as a poultry inspector at the Conagra processing plant in Batesville, Arkansas. As a part of its agreement with the USDA, Conagra provided work accommodations for USDA inspectors on their premises. On March 24, 1997, Strother had just completed her shift when she went upstairs to the breakroom provided for USDA employees, changed into her civilian apparel, stepped "three or four steps" outside of the breakroom, and slipped and fell. Strother fractured her left elbow and injured her lower back and hips as a result of the fall.

For its first argument, Conagra contends that the trial court erred in failing to grant its motion for a directed verdict at the close of trial and JNOV after the jury returned its verdict. Arkansas appellate courts have stated that the motion for a directed verdict is a condition precedent to moving for JNOV based on the reasoning that a motion for JNOV is technically only a renewal of the motion for directed verdict made at the close of the evidence. *Wheeler Motor Co., Inc. v. Roth,* 315 Ark. 318, 867 S.W.2d 446 (1993); *Pennington v. Rhodes,* 55 Ark. App. 42, 929 S.W.2d 169 (1996). The standard of review from the denial of a motion for a directed verdict or a motion for judgment notwithstanding the verdict is whether the non-movant's proof was so insubstantial as to require a jury verdict, if entered in his behalf, to be set aside. *Unicare Homes, Inc. v. Gribble,* 63 Ark. App. 241, 977 S.W.2d 490 (1998); *Home Mut. Fire Ins. Co. v. Jones,* 63 Ark. App. 221, 977 S.W.2d 12 (1998); *St. Edward Mercy Medical Ctr. v. Ellison,* 58 Ark. App. 100, 946

S.W.2d 726 (1997). A trial court may grant a JNOV only if there is no substantial evidence to support the verdict of the jury and the moving party is entitled to judgment as a matter of law. *Unicare Homes, Inc. v. Gribble, supra.* Substantial evidence is defined as evidence of sufficient force and character to compel a conclusion one way or the other with reasonable certainty; it must force the mind to pass beyond suspicion or conjecture. *Union Pac. R.R. v. Sharp*, 330 Ark. 174, 952 S.W.2d 658 (1997). On appeal, we will only consider the evidence favorable to the appellee, together with all its reasonable inferences. *Home Mut. Fire Ins. Co. v. Jones, supra.* In such situations, the weight and value of testimony is a matter within the exclusive province of the jury. *Unicare Homes, Inc. v. Gribble, supra.*

Conagra's basis for its motions for directed verdict and for JNOV was that Strother failed to establish either of the elements required in a slip-and-fall case. Specifically, Conagra argues that Strother failed to prove that the presence of water on the floor was the result of its negligence or that the water had been on the floor for such a length of time that Conagra knew or reasonably should have known of its presence and failed to use ordinary care to remove it. We do not agree that Strother had the burden of establishing these elements under the facts of this case.

Strother was present at Conagra's facility in order to further its business, and therefore is owed the standard of care of a business invitee. *See Heigle v. Miller*, 332 Ark. 315, 965 S.W.2d 116 (1998). A property owner has a duty to exercise ordinary care to maintain his premises in a reasonably safe condition for the benefit of an invitee. *Kelly v. National Union Fire Ins. Co.*, 327 Ark. 329, 937 S.W.2d 660 (1997). We agree that, in order to prevail in a typical slip-and-fall case involving an invitee, the appellant must show either (1) that the presence of a substance upon the premises was the result of the defendant's negligence, or (2) that the substance had been on the premises for such a length of time that the defendant knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Wilson v. J. Wade Quinn Co.*, 330 Ark. 306, 952 S.W.2d 167 (1997); *Kelly v. National Union Fire Ins. Co., supra*; *Mankey v. Wal-Mart Stores, Inc.*, 314 Ark. 14, 858 S.W.2d 85 (1993). *See also Derrick v. Mexico Chiquito, Inc.*, 307 Ark. 217, 819 S.W.2d 4 (1991); *Wal-Mart Stores, Inc. v. Kelton*, 305 Ark. 173, 806 S.W.2d 373 (1991); *Skaggs Co., Inc. v. White*, 289

Ark. 434, 711 S.W.2d 819 (1986); *Safeway Stores, Inc. v. Willmon,* 289 Ark. 14, 708 S.W.2d 623 (1986). The mere fact a person slips and falls does not give rise to an inference of negligence. Possible causes of a fall, as opposed to probable causes, do not constitute substantial evidence of negligence. *Kelly v. National Union Fire Ins. Co., supra.*

However, in the instant case, testimony established that oils, grease and water were regularly tracked to and throughout the hallway outside the USDA employee breakroom as employees traveled to and from the breakroom and the processing area on the floor below. Because the hallway floor would become extremely slippery, Conagra had a long-standing policy of keeping non-skid safety mats throughout this area. As an added precaution, Conagra instructed its cleaning crew to clean this area only after all employees had left for the day. Specifically, testimony established that the janitors were instructed that the safety mats should not be removed and the floor should not be cleaned until after the last shift had left for the evening. Testimony further established that the safety mats were in place on the date of the accident when Strother entered the breakroom, but Strother and several other witnesses testified that the mats had been removed by the time she left the room minutes later, and that the hallway floor was slick.

In its brief, Conagra contends that the case of *Heigle v. Miller, supra,* is distinguishable because the plaintiff in *Heigle* was a licensee rather than an invitee. In *Heigle,* a licensee slipped and fell in the bathroom of the appellee's home, to which she had been invited as a house guest. The defendant was responsible for taking care of her eighty-year-old husband who suffered from incontinence and frequently urinated on the bathroom floor. The defendant knew of this problem and normally kept a piece of carpet on the floor in that area to prevent falls. During trial, the trial judge granted the defendant's motion for summary judgment, finding that Heigle was a licensee in the defendant's home and that, as a result, the duty of care owed to her was to refrain from injuring her through willful or wanton conduct or to warn of hidden danger where the licensee does not know or has no reason to know of the conditions or risks involved. On appeal, the supreme court reversed the grant of summary judgment and stated:

Typical "slip and fall" cases occur in public places, which often occupy a great deal of space, and involve isolated incidents where anything could have been spilled or placed on the floor by anyone at anytime without the owner's knowledge. As such, our case law provides that in order to prevail in a "slip and fall" case, a plaintiff must show that: (1) the presence of the substance upon the premises was the result of the defendant's negligence, or (2) the substance had been on the floor for such a length of time that the defendant knew or reasonably should have known of its presence and failed to use ordinary care to remove it... Here, the presence of the foreign substance on the bathroom floor was not a one-time incident; the facts presented show that there was a recurring condition that frequently made the bathroom floor slick and unsafe. Moreover, Appellee admittedly knew that virtually every time her husband used the restroom, he would urinate on the floor. She further knew that when the piece of carpet was not in place in the bathroom, the floor was slick. Thus, the particular facts of this case do not require an analysis under a traditional "slip and fall" theory of recovery; rather, the issue presented requires a determination of the duty to warn of hidden dangers.

*Heigle v. Miller*, 332 Ark. at 324 (citations omitted). Accordingly, the supreme court reversed and remanded to allow the case to proceed to the jury as to whether the defendant breached the duty owed to the plaintiff as a licensee.

 This case likewise does not require analysis under a traditional slip-and-fall theory, but instead involves a business owner's duty to keep its premises free of dangerous conditions that are likely to cause injury to its invitees. The law is well settled that the business owner has the duty to use ordinary care to maintain the premises in a reasonably safe condition. *Like v. Pierce*, 326 Ark. 802, 934 S.W.2d 223 (1996); *Brunt v. Food 4 Less, Inc.*, 318 Ark. 427, 885 S.W.2d 894 (1994); *Dye v. Wal-Mart Stores, Inc.*, 300 Ark. 197, 777 S.W.2d 861 (1989); *Johnson v. Arkla, Inc.*, 299 Ark. 399, 771 S.W.2d 792 (1989). Here, as in *Heigle*, Conagra knew that the floor outside of the breakroom became hazardous during normal usage by employees and, as a consequence, took the precaution of placing safety mats in that area. The mats were in place prior to Strother's entry into the breakroom, but were apparently removed by Conagra's agents while she was changing clothes; immediately after stepping outside of the breakroom, Strother slipped on the floor. Our standard of review compels us to affirm the findings of the jury

if substantial evidence supports allowing the case to proceed to the factfinder. Under the particular facts of this case, we agree that sufficient evidence existed to allow the case to proceed to the jury, and consequently, we cannot say that the trial court erred in denying the appellant's motion for JNOV.

For its second point on appeal, Conagra argues that the trial court erred in failing to grant its motion for a new trial. Conagra submitted a posttrial motion in which it again challenged the sufficiency of the evidence to support the verdict and challenged the court's decision to allow Strother to introduce evidence of prior incidents where water was on the floor. Prior to trial, Conagra submitted a motion in limine to exclude testimony concerning the prior incidents. The trial court ruled in favor of Conagra and instructed the plaintiff to confine the evidence to the particular date of the accident. However, at trial the plaintiff introduced testimony concerning the daily presence of oil and grease in the area, the presence of safety mats, and that the area was cleaned daily. Over Conagra's objection, the trial court admitted the testimony for the limited purpose of establishing that Conagra had notice of the condition.

A trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory, tentative, or preliminary in nature. As such, it is subject to reconsideration and change by the court during the course of the trial, as the evidence in the trial is fully developed. *See* 75 AM. JUR. 2d *Trial* § 112. In *Nolen v. State*, 278 Ark. 17, 643 S.W.2d 257 (1982), the supreme court stated,

> We have held that a motion in limine, a threshold motion, should be precise and definite as to the subject matter sought to be prohibited. Further, whenever it is somewhat broad, it results in confusion and is necessarily subject to a later judgment and interpretation by the court. *Smith v. State*, 273 Ark. 47, 616 S.W.2d 14 (1981); and *Ark. State Hwy. Comm'n v. Pulaski Inv. Co.*, 272 Ark. 389, 614 S.W.2d 675 (1981).

In the instant case, the trial judge initially ruled in Conagra's favor regarding the admission of testimony concerning prior incidents of water being on the floor. However, at trial the judge admitted the testimony for the limited purpose of establishing that Conagra had prior notice of the hazardous nature of that area

of the floor. We will not reverse the trial court's ruling on the admission of evidence absent an abuse of discretion. *Edwards v. Stills*, 335 Ark. 470, 984 S.W.2d 366 (1998); *Smith v. Galaz*, 330 Ark. 222, 953 S.W.2d 576 (1997); *Warhurst v. White*, 310 Ark. 546, 838 S.W.2d 350 (1992). Upon review, we cannot say that the trial court abused its discretion when it admitted the testimony for the limited purpose of establishing that Conagra had actual notice of the hazardous nature of that area of floor.

Affirmed.

JENNINGS and PITTMAN, JJ., agree.