CONAGRA, INC. *v.* Vida STROTHER

99-1413                                                    13 S.W.3d 150

Supreme Court of Arkansas
Opinion delivered March 23, 2000

*Walmsley & Weaver*, by: *Tim Weaver*, for appellant.

*Comer Boyett, Jr.*, for appellee.

ANNABELLE CLINTON IMBER, Justice. This is a slip-and-fall case. Vida Strother worked for more than twenty years as a poultry inspector for the United States Department of Agriculture (USDA) at Conagra's processing plant in Batesville, Arkansas. On March 24, 1994, Ms. Strother had just completed her shift when she went upstairs to the breakroom provided by Conagra for USDA employees, changed into her civilian clothing, stepped "two or three steps" outside the breakroom, and slipped and fell. She fractured her left elbow and injured her lower back and hips as a result of the fall.

Ms. Strother filed a complaint against Conagra in which she alleged that she slipped and fell on the wet tile floor at Conagra and sustained injuries as a result of Conagra's negligence. Following a jury trial, the jury returned a verdict in favor of Ms. Strother for

$125,000 in damages. Conagra appealed the jury's verdict to the Arkansas Court of Appeals and raised two points of error for reversal: (1) the trial court erred in failing to grant Conagra's motion for a directed verdict at the close of trial and motion for judgment notwithstanding the verdict (JNOV) after the verdict was returned; and (2) the trial court erred in failing to grant Conagra's motion for a new trial.

The Court of Appeals found no reversible error and affirmed. *Conagra , Inc. v. Strother*, 68 Ark. App. 120, 5 S.W.3d 69 (1999). In doing so, the Court of Appeals held that this case did not require analysis under a traditional slip-and-fall theory of recovery. *Id.* In a petition for review filed in this court pursuant to Ark. Sup. Ct. R. 2-4, Conagra now challenges the decision by the Court of Appeals. Specifically, Conagra contends that the Court of Appeals incorrectly analyzed this case as a hidden-danger case by citing *Heigle v. Miller*, 332 Ark. 315, 965 S.W.2d 116 (1998), instead of applying a traditional slip-and-fall theory of recovery upon which the case was submitted to the jury. We granted Conagra's petition for review. When this court grants a petition to review a case decided by the Court of Appeals, we review it as if it was originally filed in this court. *McKay v. McKay*, 340 Ark. 171, 8 S.W.3d 525 (2000); *Youngman v. State Farm Mut. Auto. Ins. Co.*, 334 Ark. 73, 971 S.W.2d 248 (1998).

For its first point on appeal, Conagra contends that the trial court erred in failing to grant its motion for a directed verdict at the close of the trial and its motion for judgment notwithstanding the verdict after the verdict was returned. In its directed verdict motion and JNOV motion, Conagra raised questions about the sufficiency of the evidence.

In addressing the sufficiency issue, we must first view the evidence in the light most favorable to the party against whom the verdict is sought and give that evidence the highest probative value, taking into account all reasonable inferences that can be derived from it. *Morehart v. Dillard Dep't Stores*, 322 Ark. 290, 908 S.W.2d 331 (1995); *Lytle v. Wal-Mart Stores, Inc.*, 309 Ark. 139, 827 S.W.2d 652 (1992). A motion for a directed verdict should be granted only when the evidence viewed is so insubstantial as to require the jury's verdict for the party to be set aside. *Wal-Mart Stores, Inc. v. Kelton*, 305 Ark. 173, 806 S.W.2d 373 (1991). A motion for a directed

verdict should be denied when there is a conflict in the evidence or when the evidence is such that fair-minded people might reach different conclusions. *Id.* Under those circumstances a jury question is presented and a directed verdict is inappropriate. *Id.*

It is not this court's province to try issues of fact; we simply examine the record to determine if there is substantial evidence to support the jury verdict. *City of Caddo Valley v. George,* 340 Ark. 203, 9 S.W.3d 481 (2000). Substantial evidence is defined as evidence of sufficient force and character to compel a conclusion one way or another with reasonable certainty; it must force the mind to pass beyond suspicion or conjecture. *Union Pac. R.R. Co. v. Sharp,* 330 Ark. 174, 952 S.W.2d 658 (1997).

We have stated that a motion for JNOV is technically only a renewal of the motion for a directed verdict made at the close of the evidence. *Wheeler Motor Co., Inc. v. Roth,* 315 Ark. 318, 867 S.W.2d 446 (1993). Accordingly, we are also governed by the rule that a trial court may enter judgment notwithstanding the verdict only if there is no substantial evidence to support the jury verdict and the moving party is entitled to judgment as a matter of law. *Ellis v. Price,* 337 Ark. 542, 990 S.W.2d 543 (1999); *Schmidt v. Pearson, Evans & Chadwick,* 326 Ark. 499, 931 S.W.2d 774 (1996).

The principles that govern slip-and-fall cases have been frequently stated by this court. Those principles are set against the general backdrop that an owner has a duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of invitees. *Morehart v. Dillard Dep't Stores, supra; Black v. Wal-Mart Stores, Inc.,* 316 Ark. 418, 872 S.W.2d 56 (1994). To establish a violation of that duty, the plaintiff must prove either: (1) that the presence of a substance upon the floor was the result of the defendant's negligence, or (2) that the substance had been on the floor for such a length of time that the defendant knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Wilson v. J. Wade Quinn Co.,* 330 Ark. 306, 952 S.W.2d 167 (1997); *Kelly v. National Union Fire Ins. Co.,* 327 Ark. 329, 937 S.W.2d 660 (1997); *Brunt v. Food 4 Less, Inc.,* 318 Ark. 427, 885 S.W.2d 894 (1994) (quoting *Derrick v. Mexico Chiquito, Inc.,* 307 Ark. 217, 819 S.W.2d 4 (1991)). The mere fact that a person slips and falls does not give rise to an inference of negligence. *Brunt v. Food 4 Less, Inc., supra.*

Consistent with these principles, AMI Civ. 3d 1105 (Revised 1995) sets out the elements a plaintiff must prove in order to prevail in a slip–and–fall case.[1] *Thompson v. American Drug Stores, Inc.*, 326 Ark. 586, 932 S.W.2d 333 (1996). The jury was instructed with the following version of AMI Civ. 3d 1105:

> Vida Strother contends that she slipped and fell on greasy water which was present on Defendant Con Agra's premises. Con Agra owed to Vida Strother a duty to use ordinary care to maintain the premises in a reasonably safe condition.
>
> To establish a violation of this duty, Vida Strother must prove either that the presence of the greasy water upon the floor was a result of negligence on the part of Con Agra; or
>
> That Con Agra knew of the presence upon the floor; or
>
> That the greasy water had been on the floor for such a length of time that Con Agra reasonably should have known of its presence and failed to use ordinary care to remove it.

Conagra forcefully argues that Ms. Strother failed to establish either of the elements required in a slip–and–fall case. In other words, Conagra asserts that Ms. Strother did not prove (1) that the presence of greasy water on the floor was the result of Conagra's negligence, or (2) that Conagra knew of its presence, or should have known of its presence due to the length of time it was there, and failed to use ordinary care to remove it. We disagree.

Testimony was presented at trial to support Ms. Strother's claim. Conagra had complete control of the building where Ms. Strother worked as a USDA poultry inspector. The first floor of the Conagra plant had a non–skid floor, whereas the floor covering in the hallway leading to the USDA breakroom on the second floor was tile. Due to the nature of the chicken processing business, it was a common everyday occurrence for greasy water to get on the tile floor in the second floor hallway and make the floor slick. According to Conagra's plant superintendent, Steve Felts, a great deal of water must be used in the chicken processing business, with the Batesville plant using approximately 630,000 gallons of water to process 120,000 birds in one shift. Under these circumstances,

---

[1] The Fourth Edition of *Arkansas Model Jury Instructions - Civil*, published in 1999, changed the number of this instruction to AMI Civ. 4th 1106.

greasy water that collected on the aprons and boots of USDA and Conagra employees would be tracked around the hallways by the employees as they went for coffee breaks. In response to these conditions, Conagra placed safety mats in the hallways where people would be walking. Conagra also established a policy regarding the removal of the safety mats: the safety mats were not to be removed until all employees and USDA inspectors had left the building. On March 24, 1994, when Ms. Strother slipped and fell outside the breakroom, there were no safety mats on the floor and the tile floor was wet.

■ This testimony collectively constitutes substantial evidence under the first basis for liability in a slip-and-fall case. The jury could readily infer that greasy water was present on the tile floor in the hallway outside the breakroom and that its presence was the result of Conagra's negligence; that is, as a result of the removal of the safety mats before Conagra and USDA employees had left the building, in violation of company policy, the tile floor became wet and slick.

Conagra suggests that the facts in this case are similar to those in *Mulligan's Grille, Inc. v. Aultman*, 300 Ark. 544, 780 S.W.2d 554 (1989). That case, however, is inapposite. In *Aultman* there was no proof of any foreign substance presented to the jury.

■ Conagra further contends that Ms. Strother failed to prove how long the substance had been on the floor and cites three cases in support of this argument — *Mankey v. Wal-Mart Stores, Inc.*, 314 Ark. 14, 858 S.W.2d 85 (1993); *Bank of Malvern v. Dunklin*, 307 Ark. 127, 817 S.W.2d 873 (1991); and *Johnson v. Arkla*, 299 Ark. 379, 771 S.W.2d 782 (1989). This argument, however, relates to the elements of proof under the second basis for liability in a slip-and-fall case — that the defendant either knew a substance had been on the floor, or should have known of its presence due to the length of time it was there, and failed to use ordinary care to remove it. Conagra fails to acknowledge that there are two separate and distinct bases for liability and that the plaintiff in a slip-and-fall case need only prove one of those bases in order to prevail. We have already concluded that there is substantial evidence to support the jury verdict under the first basis for liability — that the presence of the greasy water on the tile floor was the result of Conagra's negli-

gence. Thus, we need not address the sufficiency of the evidence under an alternative basis for liability.

Finally, Conagra suggests that the trial court erred when it applied the analysis contained in the case of *Heigle v. Miller*, 332 Ark. 315, 965 S.W.2d 116 (1998), in determining whether to grant Conagra's motion for JNOV. Similarly, Conagra contends in its petition for review that the Court of Appeals also erred when it analyzed this case as a hidden-danger case by citing *Heigle v. Miller*, *supra*. While the facts in both cases appear to be similar, we agree that *Heigle* is nonetheless inapposite. We concluded in *Heigle* that the trial court erroneously granted the defendant's motion for summary judgment because there was an issue of disputed facts concerning the defendant's duty to warn the plaintiff-licensee of hidden dangers. In contrast, this case involves a challenge to the sufficiency of the evidence for a jury award based on slip-and-fall jury instructions, i.e., AMI Civ. 3d 1105. Under these circumstances, the trial court should have confined its analysis regarding the sufficiency of the evidence to the theory of liability upon which the case was submitted to the jury.

We must therefore determine whether the trial court's incorrect legal analysis is reversible error. The issue here is whether the trial court properly denied Conagra's motion for JNOV. We have already concluded that there is substantial evidence to support the jury verdict under the first basis for liability set out in AMI Civ. 3d 1105. If denying Conagra's motion JNOV was the proper action to take, that action does not become reversible error simply because the trial court gave the wrong reason for taking it. *Borden v. St. Louis Southwestern Ry. Co.*, 287 Ark. 316, 698 S.W.2d 795 (1985); *Martin v. Blackmon*, 277 Ark. 190, 640 S.W.2d 435 (1982).

For these reasons, we hold that no prejudice resulted from the trial court's erroneous application of the hidden-danger analysis contained in *Heigle v. Miller, supra*. When the evidence is viewed in a light most favorable to the appellee, Ms. Strother, we agree that sufficient evidence existed to allow the case to proceed to the jury on a traditional slip-and-fall theory of recovery, and consequently, we cannot say that the trial court erred in denying Conagra's motion for JNOV.

For its second point on appeal, Conagra argues that the trial court erred in failing to grant its motion for new trial. Conagra submitted a post-trial motion in which it again challenged the sufficiency of the evidence to support the verdict and challenged the trial court's decision to allow Ms. Strother to introduce evidence concerning the presence of water on the floor at times other than when she slipped and fell on March 24, 1994. Prior to trial, the trial court had granted Conagra's motion in limine to exclude testimony about other times when water was on the floor and instructed Ms. Strother to confine the evidence to the date of the accident. However, at trial she introduced testimony concerning the daily presence of greasy water in the area and the presence of safety mats. Over Conagra's objection, the trial court admitted the testimony for the limited purpose of establishing that Conagra had notice of the floor's condition.

We have noted that a motion in limine is a threshold motion. *Nolen v. State*, 278 Ark. 17, 643 S.W.2d 257 (1982). We have also held that the trial judge is at liberty to reconsider his or her prior rulings during the course of a single trial. *Davis v. State*, 325 Ark. 96, 925 S.W.2d 768 (1996); *Hill v. State*, 276 Ark. 300, 634 S.W.2d 120 (1982). Thus, the trial court's initial ruling on Conagra's motion in limine was a threshold ruling subject to reconsideration and change as the evidence was more fully developed at trial. Clearly, the trial court was convinced by the presentation of evidence to modify its earlier ruling and allow testimony about the daily presence of greasy water on the floor and the presence of safety mats for the limited purpose of establishing that Conagra had prior notice that such a condition existed. We will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion. *Edwards v. Stills*, 335 Ark. 470, 984 S.W.2d 366 (1998); *Smith v. Galaz*, 330 Ark. 222, 953 S.W.2d 576 (1997). We cannot say that the trial court abused its discretion when it admitted the testimony for the limited purpose of establishing that Conagra had prior notice that the floor outside the breakroom would become wet and slick upon removal of the safety mats.

Affirmed.